Donna Foster **GAULDEN**, Appellant,

v.

Brenda Harper **JOHNSON** and United States Fidelity & Guaranty Company, Appellees.

No. 05–89–01413–CV.

Court of Appeals of Texas, Dallas.

Nov. 28, 1990.

Rehearing Denied Jan. 15, 1991.

---

David W. Townend, Garland, for appellant.

Phillip W. Gilbert, Dallas, for appellees.

Before STEWART, OVARD and BURNETT, JJ.

## OPINION

OVARD, Justice.

Donna Gaulden appeals from a summary judgment in favor of appellee, United States Fidelity & Guaranty Company (USF & G). Gaulden sued for benefits she claims are due her pursuant to the uninsured motorists provisions of her automobile insurance policy. In its answer and motion for summary judgment, USF & G denied it owed benefits, claiming a policy exclusion based on a settlement and release executed by Gaulden. On appeal, Gaulden claims her actions did not constitute a violation of the insurance policy and, therefore, USF & G is liable to her for benefits under the policy. We reverse and remand this cause for trial.

Gaulden was involved in a three vehicle accident in which she sustained personal injuries as well as property damage. The record reveals that on August 9, 1986, while driving her vehicle, Gaulden came upon a vehicle operated by Brenda Johnson, which was stopped in the lane of traffic. No tail lights or flashers were burning on the stationary vehicle. As Gaulden slowed down, her vehicle was hit from the rear by a truck owned by Yvonne Minth

and operated by James Leimer. Gaulden's original petition named Leimer and Johnson as defendants. She later entered into a settlement agreement with Leimer and Minth in consideration of the sum of $20,-020, thereby releasing them from any further liability. Gaulden obtained a default judgment in the amount of $583,700 against Johnson, who was uninsured. After unsuccessfully attempting to recover from USF & G under the uninsured motorists provision of her policy, Gaulden brought suit against USF & G.

In its motion for summary judgment, USF & G claimed to be entitled to summary judgment as a matter of law, and therefore not responsible for paying Gaulden under the policy, because of a clause in the uninsured motorists provisions which states:

A. We do not provide Uninsured/Underinsured Motorists Coverage for any person:

    \*    \*    \*    \*    \*    \*

2. If that person or the legal representative settles the claim without our consent.

It is uncontroverted that Gaulden did not obtain USF & G's consent before settling with Leimer and Minth. Neither party argues that the policy is ambiguous. However, Gaulden contends that the phrase "the claim" refers only to the claim against the uninsured motorist and, since she did not settle her claim with Johnson, the uninsured motorist, she is not in contravention of the policy. She argues that USF & G cannot look to the clause to avoid payment since she settled only with insured motorists. Therefore, Gaulden contends, the trial court erred in granting USF & G's motion for summary judgment. USF & G, on the other hand, argues that the phrase "the claim" refers to any claim against any person, insured or uninsured, arising out of the accident under review.

■ To obtain a summary judgment, the movant must establish as a matter of law that no genuine issue of material fact exists. TEX.R.CIV.P. 166a(c); *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 734 (Tex.1985). To prevail as a defendant, the movant must negate, as a matter of law, one or more elements of each of the plaintiff's causes of action, or prevail as a matter of law on a defense to each of the plaintiff's causes of action. *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 537 (Tex. 1975). In determining whether USF & G has carried this burden, we must resolve all doubts as to the existence of an issue of fact against it, as movant, viewing the evidence in the light most favorable to Gaulden, as nonmovant, disregarding any conflicts in the evidence and accepting as true the evidence which tends to support Gaulden's position. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). When a defendant moves for summary judgment based on an affirmative defense, the defendant bears the burden of proving each essential element of the affirmative defense. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972). If the defendant/movant establishes the affirmative defense as a matter of law, then the plaintiff/nonmovant must raise a fact issue concerning the matter injected by plaintiff in confession and avoidance of the affirmative defense. *Sanchez v. Memorial Med. Center Hosp.*, 769 S.W.2d 656, 658 (Tex.App.—Corpus Christi 1989, no writ).

■ The parties' arguments revolve around the interpretation of the above-quoted policy language. While the parties argue the policy is unambiguous, we conclude otherwise. Insurance policies are controlled by rules of construction which are applicable to contracts generally. *Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 665 (Tex.1987). It is not for the courts to rewrite the terms of the policy, but to enforce it as written. *Yancey v. Floyd West & Co.*, 755 S.W.2d 914, 918 (Tex.App. —Fort Worth 1988, writ denied). The primary concern of the court is to give effect to the intentions of the parties as expressed in the instruments. *Ideal Lease Serv. Inc. v. Amoco Prod. Co.*, 662 S.W.2d 951, 953 (Tex.1983). In interpreting the policy, we construe all parts of the document together, giving effect to the intent of the parties. *Travelers Indem. Co. v.*

*Lucas,* 678 S.W.2d 732, 734 (Tex.App.—Texarkana 1984, no writ). The determination of whether terms are ambiguous is a question of law. *Yancey,* 755 S.W.2d at 917. A contract is ambiguous only "when its meaning is uncertain and doubtful or it is reasonably susceptible to more than one meaning." *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex.1983). Only if the court makes the determination that the contract cannot be given a certain and definite legal meaning, and is therefore ambiguous, can a question of fact be submitted to the jury as to the meaning of the contract. *Id.* at 393–94. Once the document is found to be ambiguous, the determination of the parties' intent through extrinsic evidence is a question of fact. *Yancey,* 755 S.W.2d at 917. We must interpret and construe insurance policies liberally in favor of the insured, especially when dealing with exceptions and words of limitation. *Kelly Assocs., Ltd. v. Aetna Cas. & Sur. Co.,* 681 S.W.2d 593, 596 (Tex.1984).

■■■ USF & G argues that the settlement and release caused it to lose valuable subrogation rights to which it is entitled under the terms of the policy. It cites to several cases for the proposition that when an insured acts in such a way that results in the destruction of the insurer's subrogation rights, the insured forfeits any claim it may have had under the policy against the insurer. The policy language in those cases is materially different from the disputed clause in Gaulden's policy. Those policies precluded coverage if the insured, without the insurer's consent, made "any settlement with any person or organization who may be legally liable therefor." *United States Fidelity & Guar. Co. v. Cascio,* 723 S.W.2d 209, 210 (Tex.App.—Dallas 1986, no writ); *McClelland v. United Servs. Auto. Assoc.,* 525 S.W.2d 271, 272 (Tex.Civ.App.—Beaumont 1975, writ ref'd); *Grissom v. Southern Farm Bureau Cas. Ins. Co.,* 476 S.W.2d 448, 450 (Tex.Civ.App.—Waco 1972, writ ref'd n.r.e.); *Jessie v. Security Mut. Casualty Co.,* 488 S.W.2d 140, 141 (Tex.Civ.App.—Fort Worth 1972, writ ref'd n.r.e.). In discussing this clause, this Court stated in *Cascio* that "Texas courts have consistently upheld the validity of the standard consent clause as a means of protecting the insurer's subrogation right against the uninsured and underinsured motorist or any other person legally responsible for the insured's injuries." *Cascio,* 723 S.W.2d at 210. The exclusion clause in Gaulden's policy is not the *standard* consent clause. We are unable to treat it as though it provides the same broad protection as the standard clause. The parties have not cited, nor have we found, any Texas or foreign case deciding the effect of language such as that in Gaulden's policy.

Furthermore, our examination of Gaulden's policy reveals that the policy language and organization of provisions simply do not support USF & G's arguments. We note, first, that the exclusion at issue here is a subtopic placed under part C of the policy which is entitled "Uninsured/Underinsured Motorists Coverage." The location of the term "the claim" in the exclusions portion of the provisions regarding uninsured and underinsured motorists coverage leads the reader to the logical conclusion that it refers to claims against those types of motorists. In part F of the policy, the last section, and one entitled "General Provisions," lies another paragraph on which USF & G relies heavily. Under the subtopic "Our Right to Recover," we find the following:

A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do:

1. Whatever is necessary to enable us to exercise our rights; and

2. Nothing after loss to prejudice them.

(A release of the insurer of an underinsured motor vehicle does not prejudice our rights.)

There is no question that an insurer has the right to be subrogated to the insured's rights of recovery. *See* Tex.Ins.Code Ann. art. 5.06–1(6) (Vernon Supp.1990). Read literally, however, the subrogation language in Gaulden's policy does not clearly

place the insured on notice that she should not settle with anyone involved in an incident, including insured parties, when she intends to rely solely on her uninsured motorists coverage to recover from her insurer. Additionally, the policy language does not set out USF & G's remedy. The insured is not informed, by the language of the subrogation clause, that if she does something in contravention of that clause, the insurance company is not liable for paying her claim. This harsh penalty should apply only if specifically provided for in the policy, considering that payment of her claim is the very thing for which she bargained and for which she paid monthly premiums. The policy fails to clearly state the parties' intent as to exactly what acts or omissions destroy the insurer's right of subrogation and fails to state the insurer's remedy where its right of subrogation is destroyed. The policy language is not unequivocal, nor does it provide a complete explanation of the terms USF & G now wishes to attribute to it.

█ We cannot say that either party is entitled to prevail as a matter of law. Following the rules of contract construction and the rules regarding review of summary judgments, all of which require us to favor Gaulden's position, we hold that the exclusionary clause under consideration is susceptible to more than one reasonable interpretation. When a written instrument contains an ambiguity, even though not alleged by the parties, the granting of a motion for summary judgment is improper because the interpretation of the instrument becomes a fact issue. *See White v. Moore,* 760 S.W.2d 242, 243 (Tex.1988); *Coker,* 650 S.W.2d at 394. Gaulden's sole point of error is sustained.

The judgment below is reversed and this cause is remanded for trial.