**Rochelle TRAYLOR, Appellant,**

v.

**CASCADE INSURANCE COMPANY, Formerly Known as Bonneville Texas Insurance Company, Successor in Interest to Victoria Lloyds Insurance Company, Appellee.**

**No. 05–91–01693–CV.**

Court of Appeals of Texas, Dallas.

July 30, 1992.

Donald W. Hill, Dallas, for appellant.

Kevin J. Cook, James K. Campbell, Dallas, for appellee.

Before LAGARDE, KINKEADE and KAPLAN, JJ.

## OPINION

LAGARDE, Justice.

Appellant Rochelle Traylor appeals the take-nothing summary judgment granted in favor of appellee Cascade Insurance Company. In her sole point of error, appellant contends that the consent-to-settlement clause in the underinsured motorist policy issued by appellee violates public policy as expressed in the statutory purposes of the Texas Insurance Code. We overrule the point and affirm the trial court's judgment.

## FACTUAL BACKGROUND

Appellant was riding in a car driven by Glynnis Penny when they were involved in an accident caused by Kharon Page. Appellant was seriously injured in the accident. Page's liability insurance was limited to $25,000 per person. Appellant settled with Page for the full policy amount of $25,000 and released Page from further liability without the consent of appellee, Penny's insurer. Because appellant's damages exceeded $25,000, appellant sued appellee for its underinsured motorist protection of $20,000 per person. Appellee denied coverage and moved for summary judgment contending that coverage was excluded under section A.2 of the policy's exclusions, which provides:

A. We do not provide Uninsured/Underinsured Motorists Coverage for any person:

. . . .

2. If that person or the legal representative settles the claim without our consent.

In her response, appellant argued that the exclusion violates article 5.06–1(1) of the Texas Insurance Code. *See* TEX.INS.CODE ANN. art. 5.06–1(1) (Vernon 1981). The trial court granted appellee's motion for summary judgment.

## STANDARD OF REVIEW

 The function of a summary judgment is not to deprive a litigant of its right to a full hearing on the merits of any real issue of fact but is to eliminate patently unmeritorious claims and untenable defenses. *Gulbenkian v. Penn,* 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952). The standards for reviewing a motion for summary judgment are:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984); *Wilcox v. St. Mary's Univ.,* 531 S.W.2d 589, 592–93 (Tex.1975). The purpose of the summary judgment rule is not to provide either a trial by deposition or a trial by affidavit but to provide a method of summarily terminating a case when it clearly appears that only a question of law is involved and that no genuine issue of material fact remains. *Gaines v. Hamman,* 163 Tex. 618, 626, 358 S.W.2d 557, 563 (1962).

 When the defendant is the movant, summary judgment is proper only if the plaintiff cannot, as a matter of law, succeed upon any theory pleaded. *Peirce v. Sheldon Petroleum Co.,* 589 S.W.2d 849, 852 (Tex.Civ.App.—Amarillo 1979, no writ). Thus, the defendant can prevail by conclusively establishing against the plaintiff at least one factual element of each theory pleaded by the plaintiff, *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex. 1970), or by conclusively establishing every factual element of an affirmative defense. *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex. 1972). Conversely, the plaintiff can bar summary judgment by presenting evidence that creates a fact question on those elements of the plaintiff's case under attack by the defendant or on at least one element of each affirmative defense advanced by the defendant. *Torres v. Western Casualty Sur. Co.,* 457 S.W.2d 50, 52 (Tex.1970); *see also Puga v. Donna Fruit Co.,* 634 S.W.2d 677, 680–81 (Tex.1982). Alternatively, the plaintiff can defeat the motion by conceding that the material facts are undisputed, but convincing the court that the defendant's legal position is unsound. *Estate of Devitt,* 758 S.W.2d 601, 602 (Tex. App.—Amarillo 1988, writ denied).

## UNDERINSURED MOTORIST COVERAGE

 In her sole point of error, appellant contends that the trial court erred in granting appellee's motion for summary judgment because the consent-to-settlement clause in appellee's policy violates the statutory purposes of underinsured motorist coverage expressed in article 5.06–1(1) of the Texas Insurance Code. As appellant notes, the supreme court has stated that the purpose of underinsured motorist coverage is "the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles...." *Stracener v. United Servs. Auto. Ass'n,* 777 S.W.2d 378, 382 (Tex. 1989) (quoting TEX.INS.CODE ANN. art. 5.06–1(1) (Vernon 1981)). The court further noted that "[t]hose clauses in insurance policies which are not consistent with and do not further the purpose of article 5.06–1 are invalid." *Id.* at 384. The question before this Court, then, is whether the consent-to-settlement clause is inconsistent with and fails to further the purpose of

article 5.06–1.[1]

The issue before the court in *Stracener* was the determination of the underinsured status of a negligent motorist. Prior to *Stracener,* an individual injured by a negligent motorist was entitled to underinsured motorist coverage to the extent that the limits of the underinsured motorist coverage exceeded the insurance proceeds available from the negligent underinsured motorist. In *Stracener,* the plaintiff was a passenger in a car driven by a non-negligent driver with underinsured motorist coverage limits of $15,000. The insurance proceeds available from the negligent motorist totalled $27,500, well below the plaintiff's actual damages. The trial court held that, because the insurance proceeds from the negligent driver, $27,500, exceeded the limits of the underinsured motorist coverage, $15,000, the plaintiff was not entitled to any recovery under the underinsured motorist coverage. The supreme court held that the lower court's interpretation of the statute violated the policy of the underinsured motorist coverage and held that the insurance proceeds from the negligent driver should be deducted from the actual damages sustained by the plaintiff, not from the underinsured motorist coverage. *See generally id.*

The evil in *Stracener* was that injured parties claiming proceeds as beneficiaries to underinsured motorist policies were unfairly prevented from recovering their actual damages because of factors beyond their control. Furthermore, the pre-*Stracener* interpretation undoubtedly frustrated the expectations of the named insured in the policy that the underinsured motorist coverage would protect his family and friends in the event of an accident with a negligent motorist whose insurance limits would not cover all actual damages sustained by them. *See id.* at 383–84. Consent-to-settlement clauses, however, do not limit the damages that an injured party can recover. Unlike the problem in *Stracener,* where the inability to recover was due to factors beyond the control of the claimant, the exclusion of coverage under the consent-to-settlement clause here is due entirely to the actions of the party claiming the underinsured motorist insurance proceeds. Accordingly, under the facts of this case, the consent-to-settlement clause is not inconsistent with the statutory policies expressed in article 5.06–1 and interpreted in *Stracener.*

Likewise, the consent-to-settlement clause promotes the purposes of article 5.06–1 by protecting an insurer's subrogation right under article 5.06–1(6). TEX.INS. CODE ANN. art. 5.06–1(6) (Vernon Supp. 1992). Texas courts have long recognized that consent-to-settlement clauses are a valid way for an insurer to protect its right to subrogation against the underinsured motorist or any other person legally responsible for the insured's injuries. *See Ford v. State Farm Mut. Auto. Ins. Co.,* 550 S.W.2d 663, 665 (Tex.1977) (and cases cited therein); *United States Fidelity & Guar. Co. v. Cascio,* 723 S.W.2d 209, 210 (Tex.App.—Dallas 1986, no writ). By permitting the insurer to recover from the at-fault party some or all of the insurance proceeds paid to the insured, the right of subrogation defrays the cost and expands the availability of underinsured motorist coverage. When the insured settles with the at-fault party and releases that party from all future liability, even when the release is in exchange for the entire sum for which that party is insured, the insured

---

**1.** Appellant argues that *Stracener* changed the standard of review of exclusion clauses in underinsured motorist policies and that all pre-*Stracener* cases on this issue are invalid. We need not resolve appellant's argument here because of our holding that the exclusion of coverage in this case is valid when reviewed under the *Stracener* standard.

The Fort Worth Court of Appeals recently held on virtually identical facts that the exclusion of underinsured motorist coverage under a consent-to-settlement clause is valid. *Huttleston*

*v. Beacon Nat'l Ins. Co.,* 822 S.W.2d 741, 746 (Tex.App.—Fort Worth 1992, writ requested). Although that court quotes *Stracener,* it relies almost entirely on pre-*Stracener* cases. The two post-*Stracener* cases that the court discusses cite pre-*Stracener* cases in support of their positions. *See id.* at 744–46. Because we are not relying on pre-*Stracener* cases or on post-*Stracener* cases that rely on pre-*Stracener* cases, we choose not to follow the Fort Worth court's reasoning in *Huttleston.*

cuts off the insurer's right to recover its liability from the at-fault party. The consent-to-settlement clause preserves that right. Because the consent-to-settlement clause furthers the insurer's right to subrogation under article 5.06–1, the clause furthers the purpose of article 5.06–1. Accordingly, the exclusion under the policy for failure to obtain the insurer's consent to settlement does not conflict with *Stracener*.

Appellant contends that the enforcement of consent-to-settlement clauses will encourage insurers to deny consent to an injured claimant to settle with a negligent motorist, thereby frustrating the attempts of the claimant to recover any insurance proceeds. No such facts are before us in this case. We note, however, that the law provides heavy penalties against insurers that delay or refuse settlement of claims in bad faith. *See, e.g., Hampton v. State Farm Mut. Auto. Ins. Co.*, 778 S.W.2d 476 (Tex.App.—Corpus Christi 1989, no writ) (bad-faith failure to pay underinsured motorist benefits).

We hold that the consent-to-settlement clause does not violate public policy as expressed in the statutory purposes of the Texas Insurance Code. We overrule the point and affirm the trial court's judgment.