David SIMPSON, Appellant,

v.

GEICO GENERAL INSURANCE COMPANY, Appellee.

No. 01–94–00977–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 5, 1995.

---

Scott A. Woods and Mark W. Long, Houston, for Appellant.

James F. Keegan, Houston, for Appellee.

Before TAFT, COHEN and MIRABAL, JJ.

## OPINION

TAFT, Justice.

Appellant, David W. Simpson, appeals from a take-nothing summary judgment granted in favor of appellee, GEICO General Insurance Company (GEICO). Simpson sued GEICO, his uninsured-underinsured motorist carrier, for injuries sustained in an accident. GEICO declined coverage because, even though Simpson obtained GEICO's permission to settle with the uninsured-underinsured motorist tortfeasor, Simpson did not obtain GEICO's permission before settling his claim against non-motorist tortfeasors. This appeal involves interpretation of statutory subrogation rights, the "settlement-without-consent" exclusion, and the "right-to-recover-payment" clause of an automobile insurance policy.

### Summary of Facts

On October 30, 1990, Simpson was a passenger in Shane Hecker's automobile when it collided with Janet Klumb's car. Simpson sued Klumb for personal injuries sustained in the accident. Simpson also sued T.L. James & Company (James) and Safety Lights Sales and Leasing (Safety Lights) for negligent manufacture and maintenance of barricades at a construction area near the accident site. Klumb, James, and Simpson were insured.[1]

Simpson settled his personal injury claim against Klumb, with GEICO's permission, for $50,000. However, GEICO did not receive notice of and did not consent to Simpson's $4,000 settlement with James or Simpson's $1,500 settlement with Safety Lights.

Simpson sued GEICO, his own insurer, after it denied his request for underinsured motorist coverage. GEICO moved for summary judgment on the basis that Simpson failed to comply with the settlement-without-consent exclusion, right-to-recover-payment clause, and recoupment clause of TEX.INS. CODE ANN. art. 5.06–1 (Vernon 1981 & Supp. 1995). Without stating reasons, the trial court granted the summary judgment. Simpson filed a motion for new trial, arguing that recent Texas supreme court authority required GEICO to prove prejudice when asserting the settlement-without-consent exclusion. The court denied his motion.

### Point of Error

In a single point of error, Simpson complains the trial court erred in granting summary judgment in favor of GEICO because he complied with the terms and conditions of his insurance policy. He specifically argues that (1) consent is required only for settlements with the uninsured or underinsured motorist, not for other tortfeasors; (2) subrogation rights of the insurer are only against uninsured or underinsured motorists, not other tortfeasors; (3) GEICO failed to prove prejudice; and (4) the right-to-recover payment clause is ambiguous.

1. It is unclear from the record on appeal wheth-er Hecker or Safety Lights was insured.

## Standard of Review

■ A defendant is entitled to summary judgment when the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact about one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970). If a defendant moves for summary judgment based on an affirmative defense, the defendant must establish that there is no genuine issue of material fact as to each element of the defense and that the defendant is entitled to summary judgment as a matter of law. *City of Houston v. Clear Creek Basin,* 589 S.W.2d 671, 678 (Tex.1979).

■ When a trial court's order does not specify the grounds relied upon for its ruling, the summary judgment may be affirmed on any meritorious theory advanced in the motion. *Insurance Co. of N. Am. v. Security Ins. Co.,* 790 S.W.2d 407, 410 (Tex.App.— Houston [1st Dist.] 1990, no writ). On appeal, this Court must view the evidence in the light most favorable to the nonmovant and resolve all doubts in the nonmovant's favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

■ In interpreting an insurance policy, we construe all parts of the document together, giving effect to the intent of the parties. *Gaulden v. Johnson,* 801 S.W.2d 561, 563 (Tex.App.—Dallas 1990, writ denied). A contract is ambiguous only when its meaning is uncertain and doubtful or it is reasonably susceptible to more than one meaning. *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex.1983). We must interpret insurance policies liberally in favor of the insured, especially when dealing with exceptions and limitations. *Kelly Assocs., Ltd. v. Aetna Casualty & Sur. Co.,* 681 S.W.2d 593, 596 (Tex.1984).

■ The determination of whether terms are ambiguous is a question of law. *Gaulden,* 801 S.W.2d at 564. Once the document is found to be ambiguous, the interpretation of the document is a question of fact.

*Coker,* 650 S.W.2d at 394–95. Thus, when an instrument contains an ambiguity, summary judgment is improper. *Id.* at 394.

## Settlement-without-consent

■ Simpson argues that he does not need GEICO's permission to settle claims with non-motorists. GEICO contends that permission to settle with any tortfeasor is required by the settlement-without-consent exclusion.

### a. The Policy

The text of the uninsured-underinsured motorist coverage section provides:

**INSURING AGREEMENT**

We will pay damages which a **covered person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of bodily injury sustained by a **covered person,** or **property damage,** caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle.**

Any judgment for damages arising out of a suit brought without our written consent is not binding on us. If we and you do not agree as to whether or not a vehicle is actually uninsured the burden of proof as to that issue shall be on us.

. . . .

**EXCLUSIONS**

A. We do not provide Uninsured/Underinsured Motorists Coverage for any Person:

. . . .

2. If that person or the legal representative settles the claim without our consent.

The scope of the words "the claim" is in dispute. GEICO argues that this refers to a claim against any tortfeasor arising from the same accident. Simpson argues that the

claim refers only to a claim against an uninsured-underinsured motorist.

### b. Interpretation

Though this is a case of first impression in Texas, the Supreme Court of Kansas addressed the identical issue in *Bartee v. R.T.C. Transp., Inc.,* 245 Kan. 499, 781 P.2d 1084, 1097 (1989). In *Bartee,* the injured persons filed claims under their uninsured-underinsured motorist coverage due to the insolvency of the negligent driver. *Id.* 781 P.2d at 1086. The appellants also sought to recover from the turnpike authority and a construction company doing work on the turnpike, for the dangerous road conditions which contributed to the accident. *Id.* at 1085. Appellants then settled the claim against the two non-motorist tortfeasors and appellants' insurance company denied recovery under the uninsured-underinsured coverage, alleging violation of the settlement-without-consent clause of the policy. *Id.* at 1096. On appeal, the Supreme Court of Kansas identified one of the issues as "whether the settlement of plaintiffs with third-party tortfeasors precludes their claim against Kansas Fire & Casualty for uninsured motorist coverage...." *Id.* at 1097.

After analyzing the settlement-without-consent and right-to-recover clauses along with the Kansas recoupment statute, the court held that the settlement did not preclude appellants' claim.[2] *Id.* The court reasoned that appellants' settlement with the third-party tortfeasors did not interfere with the insurance company's ability to receive compensation for the tortious conduct of the uninsured motorist. The court further explained, "The public policy purpose behind the uninsured motorist provisions is to require compensation of innocent persons who are injured by the tortious conduct of an uninsured motorist. The third-party tortfeasors here were not the reason that Kansas Fire & Casualty is being required to compensate plaintiffs under their uninsured motorist

---

**2.** The settlement-without-consent and right-to-recover clauses in the insurance policies in question contain similar language to that contained in the policy issued to Simpson by GEICO. *Bar-*

coverage...." *Id.* at 1099. The court found that settlement-without-consent exclusions are limited to settlements that jeopardize the ability of the insurer to recover from the tortfeasor causing the insurer to provide uninsured motorist coverage. *Id.*

We agree with the Kansas court's analysis and hold that the settlement-without-consent exclusion is inapplicable to non-motorist tortfeasors, James and Safety Lights.

### GEICO's Statutory Subrogation Rights

GEICO argues that any ambiguity within the policy is clarified by the statute providing for uninsured or underinsured motorist coverage. The statutory subrogation or recoupment clause provides, in part:

> In the event of payment to any person under any coverage *required by this Section* [Uninsured or Underinsured Motorist Coverage] and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against *any person or organization legally responsible* for the bodily injury, sickness or disease, or death for which such payment is made....

TEX.INS.CODE ANN. art. 5.06–1, § 6 (Vernon Supp.1995) (emphasis added).

 The purpose of uninsured-underinsured motorist coverage is the protection of persons who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles. *Stracener v. United Servs. Auto. Ass'n,* 777 S.W.2d 378, 382 (Tex.1989). In other words, uninsured-underinsured motorist coverage substitutes for liability insurance normally available to injured persons. *See id.* Those insurance policy clauses which are not consistent with and do not further the purpose of article 5.06–1 are invalid. *Id.* at 384.

---

*tee,* 781 P.2d at 1097. Likewise, the statutory recoupment clause adopted by Kansas is similar to that adopted by Texas. KAN.STAT.ANN. § 40–287 (1994).

When the settlement-without-consent exclusion restricts the insured's right to settle claims against financially responsible joint tortfeasors, the clause frustrates the purpose of article 5.06–1. *See Yarbrough v. State Farm Ins. Co.,* 730 F.Supp. 1061, 1063–64 (D.N.M.1990) (voiding the exclusion for insured motorists under a similar New Mexico statute).

When applied to uninsured or underinsured motorists, the settlement-without-consent clause promotes the purposes of article 5.06–1 by protecting an insurer's subrogation right. *Traylor v. Cascade Ins. Co.,* 836 S.W.2d 292, 295 (Tex.App.—Dallas 1992, no writ). By permitting the insurer to recover from the at-fault party some or all of the insurance proceeds paid to the insured, the right of subrogation defrays the costs and expands the availability of uninsured-underinsured motorist coverage. *Id.*

■ The subrogation allowed by section 6 of article 5.06–1 applies, by the language of the article's title ("Art. 5.061–1. Uninsured or Underinsured Motorist Coverage"), to uninsured or underinsured motorists. *See Bartee,* 781 P.2d at 1099 (construing identical statutory language to permit settlement, without consent, with a construction company and turnpike authority); *Hawaiian Ins. & Guar. Co. v. Mead,* 14 Wash.App. 43, 538 P.2d 865, 868–69 (1975) (construing similar statutory language to permit settlement, without consent, with an *insured* motorist).

■ Simpson maintains that the statute is applicable only to claims against the uninsured or underinsured motorist. GEICO claims Simpson violated its rights under the recoupment clause when he settled with James and Safety Lights. GEICO relies on the reference to right of recovery against "any person or organization legally responsible ..."

GEICO fails to point out that the section "any person or organization legally responsible ..." is followed by "for the bodily injury, sickness or disease, or death *for which such payment is made....*" (Emphasis added.) If GEICO had made a payment to Simpson, "such" payment would have been made pursuant to the uninsured-underinsured motorist coverage, which would not have included coverage of James or Safety Lights. The *Bartee* court explained, "through this statute, an insurer is subrogated to those parties who may be legally obligated to pay for the injuries for which the insured has contracted with the insurer to cover, namely uninsured motorist payments."[3] *Id.,* 781 P.2d at 1097. James and Safety Lights are not persons or organizations legally responsible for whom or which GEICO would make a payment to Simpson.

The statute is designed as protection of injured parties against uninsured motorists and does not address other joint tortfeasors. "It provides that the insurer paying the injured party is subrogated to the injured party's rights against the uninsured motorist to the extent that payment is made." *Harthcock v. State Farm Mut. Auto. Ins. Co.,* 248 So.2d 456, 459 (Miss.1971) (holding a similar exclusionary provision invalid insofar as it applied to tortfeasors other than uninsured motorists). Thus, GEICO will be subrogated to Simpson's rights against Klumb to the extent that GEICO pays Simpson. The statute does not address GEICO's rights against James and Safety Lights.

### Prejudice

■ Although Simpson contends that settlement-without-consent exclusions are inapplicable to non-motorist tortfeasors, he also maintains, in reliance upon *Hernandez v. Gulf Group Lloyds,* 875 S.W.2d 691, 692 (Tex.1994), that summary judgment was im-

---

3. The Kansas recoupment statute contains language similar to the Texas statute, and provides, in part:

the insurer shall be subrogated, to the extent of such payment, to the proceeds of any settlement or judgment that may thereafter result

from the exercise of any rights of recovery of such person against any person or organization legally responsible for said bodily injury or death for which payment is made by the insurer....

Kan.Stat.Ann. § 40–287 (1994).

proper because GEICO did not show it was prejudiced by Simpson's failure to obtain settlement consent. GEICO argues that *Hernandez* is not applicable and, alternatively, that it demonstrated prejudice.

We observe that *Hernandez* was decided after GEICO's motion for summary judgment and Simpson's response were filed. The issue of GEICO having to prove prejudice was not before the trial court when it granted summary judgment. Therefore, we will not discuss the *Hernandez* issue.

### Ambiguity

█ Finally, Simpson argues that summary judgment was improper because the policy provisions are ambiguous, relying on *Gaulden v. Johnson,* 801 S.W.2d 561 (Tex. App.—Dallas 1990, writ denied).

The settlement-without-consent exclusion of Simpson's uninsured-underinsured motorist coverage states, in pertinent part:

> We do not provide Uninsured/Underinsured Motorist Coverage for any person: ... If that person or the legal representative settles *the claim* without our consent.

(Emphasis added.) As pointed out above, Simpson contends that "the claim" refers only to the claim against the uninsured or underinsured motorist. GEICO argues that the phrase is broadened by the right-to-recover-payment clause to include any tortfeasor.

The right-to-recover-payment clause is found in the section of Simpson's policy entitled "General Provisions" and states:

> If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from *another* we shall be subrogated to that right. That person shall do:
>
> 1. Whatever is necessary to enable us to exercise our rights; and

2. Nothing after loss to prejudice them.

> (A release of the insurer of an underinsured motor vehicle does not prejudice our rights.)

(Emphasis added.) GEICO contends that the word "another" includes tortfeasors other than the uninsured or underinsured motorist.

In reviewing language identical to these two provisions, the Dallas court of appeals found the insurance policy ambiguous and reversed and remanded the summary judgment in favor of the insurer. *Gaulden,* 801 S.W.2d at 565 (involving three-vehicle accident where plaintiff obtained a default judgment against the uninsured motorist and settled, without consent, with the insured motorist). The court noted that the location of the term "the claim" in the uninsured-underinsured exclusion leads the reader to the logical conclusion that it refers to claims against those types of motorists. *Id.* at 564. The court further observed that the right-to-recover-payment clause does not clearly place the insured on notice not to settle with anyone nor does the clause specify a penalty for noncompliance. *Id.* at 564–565.

GEICO asserts that *Gaulden* conflicts with long established Texas authority. However, the cases cited by GEICO involve settlements with the uninsured or underinsured motorist, not with any other tortfeasor. *See, e.g., Easley v. Members Ins. Group,* 828 S.W.2d 39, 40 (Tex.App.—Houston [14th Dist.] 1991, no writ); *Huttleston v. Beacon Nat'l Ins. Co.,* 822 S.W.2d 741, 742 (Tex. App.—Fort Worth 1992, writ denied). Although some cases have applied the settlement-without-consent exclusion to tortfeasors other than uninsured or underinsured motorists, they did so when the exclusion applied to anyone who settled with "any person or organization who may be legally liable."[4] *See, e.g., Jessie v. Security Mut. Casualty Co.,* 488 S.W.2d 140, 141 (Tex.Civ.App.—Fort Worth 1972, writ ref'd n.r.e.); *Grissom v.*

---

**4.** Simpson's settlement-without-consent exclusion with reference to anyone who settles "the claim" is now considered the standard clause. *Guaranty County Mut. Ins. v. Kline,* 845 S.W.2d

810, 811 (Tex.1992); *Huttleston,* 822 S.W.2d at 742 n. 2. It appears that this standard clause was rewritten within the past several years.

*Southern Farm Bureau Casualty Ins. Co.,* 476 S.W.2d 448, 450 (Tex.Civ.App.—Waco 1972, writ ref'd n.r.e.).

While we agree with *Gaulden* that the plain reading of "the claim" in context refers only to claims against uninsured-underinsured motorists, we find no conflict or ambiguity with the general right-to-recover-payment provision. The former is clearly the more specific provision applicable here. It excludes from uninsured-underinsured coverage anyone who settles the claim against the uninsured motorist without the consent of the insurer. The right-to-recover-payment provision only becomes applicable if the insurer makes payment under the policy. Manifestly, GEICO has not done so in this case.

When construing the insurance policy as a whole, and in the light most favorable to Simpson, the insured, we find that the settlement-without-consent clause is unambiguous. The "claim" clearly applies to the claim against the uninsured-underinsured motorist; it was not intended to encompass non-motorist tortfeasors, such as James and Safety Lights.

### Summary

We find that Simpson did not violate the settlement-without-consent clause because it does not apply to non-motorist tortfeasors, James and Safety Lights. The recoupment statute was not violated because it likewise applies solely to uninsured-underinsured motorists. The general right-to-recover-payment clause is inapplicable because GEICO has not yet made any payment.

Because there is no meritorious theory upon which summary judgment can be affirmed, we reverse the summary judgment and remand for trial.