**CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, Petitioner,**

v.

**CELEBRITY, INC., Respondent.**

No. 96–1190.

Supreme Court of Texas.

Sept. 24, 1998.

Wade L. McClure, Alan Lawrence Rucker, Dallas, for Petitioner.

Joseph E. Ackels, Dallas, for Respondent.

PER CURIAM.

■ The primary issue in this case is whether we have jurisdiction over an appeal of a trial court's order denying a motion to compel arbitration under the Texas Arbitration Act in the absence of a dissent in the court of appeals or the court of appeals holding differently than a prior decision of another court of appeals or this Court. Because

we conclude that we do not, we dismiss the application for writ of error for want of jurisdiction.

Celebrity, Inc. obtained two employers excess indemnity policies from certain Underwriters at Lloyd's of London. These policies provided indemnity to Celebrity on certain claims filed by Celebrity's employees, and also contained an arbitration clause. Celebrity settled a claim brought against it by one of its employees and then sought reimbursement under the policies from Underwriters.

Underwriters denied the claim on the basis that the employee's claim was an occupational disease, a stated exclusion under the policies, and Celebrity sued. The trial court denied Underwriters' motion to compel arbitration under the Texas Arbitration Act. Underwriters then appealed the order denying the motion to compel arbitration under section 171.098 of the Texas Civil Practice and Remedies Code.[1] The court of appeals affirmed the trial court's order. 950 S.W.2d 375, 379. Underwriters then filed an application for writ of error with this Court.

■ The Texas Arbitration Act allows appeals of decrees denying an application to compel arbitration. TEX. CIV. PRAC. & REM. CODE § 171.098(a)(1). However, such appeals are interlocutory because they do not arise from a final judgment disposing of all legal issues between all parties in the underlying suit. See EZ Pawn Corp. v. Mancias, 934 S.W.2d 87, 88 (Tex.1996); Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272 (Tex.1992).

Under the Government Code, a writ of error is not allowed from this Court, in the absence of a dissent or conflict in the court of appeals, in "an appeal from an interlocutory order appointing a receiver or trustee or from other interlocutory appeals that are allowed by law." TEX. GOV'T CODE § 22.225(b)(3). However, the Legislature can enact exceptions to this rule.[2] We must

---

1. Actually, Underwriters filed the appeal under section 171.017 of the Civil Practice and Remedies Code, which was recodified without substantive change as section 171.098, effective September 1, 1997. TEX CIV. PRAC. & REM.CODE ANN. § 171.098 historical note (Vernon Supp.1998) [Act of May 8, 1997, 75 th Leg., R.S., ch. 165, §§ 1.01, 5.01, 32.01, 1997 Tex. Gen. Laws 327,

329, 336, 712]. Throughout this opinion, we will refer to the statute as it is currently codified.

2. For instance, a writ of error is allowed from this Court for an appeal from an interlocutory order denying a motion for summary judgment that is based in whole or in part upon a claim or defense by a member of the media arising under

determine whether the Texas Arbitration Act provides such an exception allowing us to consider an interlocutory appeal from an order denying a motion to compel arbitration in the absence of a dissent or a conflict in the court of appeals.

■ The Texas Arbitration Act provides that an appeal from an order denying a motion to compel arbitration "shall be taken in the manner and to the same extent as an appeal from an order or judgment in a civil action." TEX. CIV. PRAC. & REM.CODE § 171.098(b). This language does not expressly or implicitly grant this Court jurisdiction to hear an appeal from an interlocutory order denying arbitration in the absence of a dissent or conflict. Accordingly, we hold that we do not have jurisdiction over appeals under the Texas Arbitration Act in the absence of either a dissent in the court of appeals or the court of appeals holding differently than a prior decision of another court of appeals or this Court.

Perhaps anticipating our holding that this Court does not have jurisdiction over interlocutory appeals under the Texas Arbitration Act absent a dissent or conflict, Underwriters maintain that the court of appeals' decision in this case conflicts with *Gaulden v. Johnson*, 801 S.W.2d 561, 563–65 (Tex.App.—Dallas 1990, writ denied). *Gaulden* held that a contract was ambiguous despite the fact that neither party alleged ambiguity. *Id.* at 563, 565. Underwriters argue that the court of appeals in this case erroneously concluded that the arbitration clause was not ambiguous merely because Underwriters conceded in the trial court that the arbitration clause was not ambiguous or unintelligible as written. However, we do not agree with Underwriters' analysis of the appellate court's opinion. While the court of appeals mentioned, as further support for its conclusion, that Underwriters "conceded that the clause was not ambiguous or unintelligible as written," this was not the basis of its holding. 950 S.W.2d at 378. Rather, the court of appeals held that "the plain meaning of the arbitration clause before the trial court was not

the free speech provision of the Texas or United States Constitutions. TEX. GOV'T CODE

ambiguous or 'fairly debatable,' and there was no evidence that the parties had intended the arbitration clause to state otherwise." *Id.* We therefore conclude that the court of appeals in this case did not hold differently than the court of appeals in *Gaulden*.

Underwriters next assert that this Court has jurisdiction "because the decision of the court of appeals conflicts with the well-recognized policy of Texas courts in favor of arbitration." However, a conflict with a general "policy" is not sufficient to establish that the court of appeals held differently than another court of appeals or this Court.

Accordingly, the court of appeals in this case did not hold differently from a decision of another court of appeals or this Court. Nor was there a dissent in the court of appeals. We therefore dismiss the application for writ of error for want of jurisdiction.