Dismissed and Opinion filed May 30, 2002









Dismissed and Opinion filed May 30, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-00928-CV

____________

 

ALI YAZDCHI and HABIBOLAH
YAZDCHI, Appellants

 

V.

 

THE BENNETT LAW FIRM, P.C., Appellee

 



 

On
Appeal from the County Civil Court at Law No. 2

Harris
County, Texas

Trial
Court Cause No. 744,238

 



 

M E M O R A N D U M  O
P I N I O N

This is an attempted appeal from a judgment confirming an
arbitration award signed July 2, 2001. 
Both Ali Yazdchi and Habibolah Yazdchi, the intervenor, filed motions
for new trial and notices of appeal.  On
April 26, 2002, a supplemental clerk=s record was filed containing
Habibolah Yazdchi=s plea in intervention filed June 8, 2001, an order granting
intervenor=s motion for continuance signed June
27, 2001, and a notice that trial had been reset to August 12, 2002.








On April 29, 2002, Habibolah Yazdchi filed a motion to
dismiss the appeal, asserting that the judgment is not final.  See Tex.
R. App. P. 42.3(a).  To date, no
response to the motion to dismiss has been filed.  

Unless a statutory exception is applicable, this Court=s appellate jurisdiction is limited
to review of final judgments that dispose of all parties and claims.  See Lehmann v. Har‑Con Corp., 39
S.W.3d 191, 195 (Tex. 2001).  AWhen there has not been a
conventional trial on the merits, an order or judgment is not final for
purposes of appeal unless it actually disposes of every pending claim and party
or unless it clearly and unequivocally states that it finally disposes of all
claims and all parties.@  Id. at
205.  Whether a judicial decree is a
final judgment must be determined from its language and the record in the
case.  Id. at 195.

Our review of the record reveals that the trial court=s judgment does not actually dispose
of all pending claims and parties. 
Specifically, the judgment does not dispose of the intervenor=s claim.  Moreover, the record clearly reflects that
the court contemplated further proceedings by granting the intervenor=s motion for continuance and setting
the matter for trial.  Even though the
judgment contains a Mother Hubbard clause, stating Aall other relief not expressly
granted herein is hereby denied,@ this language no longer indicates
that a judgment rendered without a conventional trial is final for purposes of
appeal.  Lehmann, 39 S.W.3d at
203-04.  No other language in the
judgment clearly and unequivocally states it is a final judgment as to all
claims and parties.  Therefore, we
conclude that the July 2, 2001 judgment is not final.








The Texas Civil Practice and Remedies Code grants the right
to appeal an order confirming or denying confirmation of an arbitration
award.  Tex.
Civ. Prac. & Rem. Code Ann. ' 171.098(a)(3).  Because a statutory right of appeal has been
granted for orders confirming arbitration awards, it follows that an appeal may
be taken from such an order, even if it is interlocutory.  See, e.g., Certain Underwriters at Lloyd=s of London v. Celebrity, Inc., 988 S.W.2d 731, 732 (Tex. 1998)
(recognizing appeals under Texas Arbitration Act are interlocutory when they do
not arise from a final judgment disposing of all legal issues between all
parties in underlying suit).  Appeals from
interlocutory orders are accelerated.  Tex. R. App. P. 28.1.  Filing a motion for new trial does not extend
the time to perfect an interlocutory appeal. 
Id.  In an accelerated
appeal, the notice of appeal must be filed within twenty days after the judgment
or order is signed.  Tex. R. App. P. 26.1(b).  In this case, the notice of appeal from the
July 2, 2001 judgment was not filed until September 27, 2001.  Accordingly, the notice is untimely to
perfect an accelerated appeal from the interlocutory order confirming the
arbitration award.

Because we have no jurisdiction over this appeal, we grant
intervenor=s motion.  Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Opinion
filed May 30, 2002.

Panel consists of Chief Justice
Brister and Justices Anderson and Frost.

Do Not Publish C Tex. R. App. P.
47.3(b).