### CRITERION INSURANCE COMPANY, Appellant,

v.

### Jeffie BROWN, Appellee.

### No. 11840.

Court of Civil Appeals of Texas, Austin.

July 7, 1971.

Rehearing Denied July 28, 1971.

E. B. Fuller, Austin, for appellant.

Turman & Mitchell, William F. Turman, Austin, for appellee.

SHANNON, Justice.

This is an appeal by Criterion Insurance Company, appellant, from a summary judgment in favor of Jeffie Brown, appellee, in an uninsured motorist case. At issue is the policy provision that there may be no conclusive judgment in an action against the uninsured motorist unless that judgment is entered pursuant to a suit filed with the written consent of the company.

Appellee had an automobile accident with W. S. Mitchell on December 23, 1967. Mitchell was an "uninsured motorist" as defined by the policy of liability insurance issued appellee by appellant.

The applicable part of the policy provides:

"No judgment against any person or organization alleged to be legally responsible for the bodily injury shall be conclusive, as between the insured and the company, of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such judgment is entered pursuant to an action prosecuted by

the insured with the written consent of the company."

On December 18, 1969, appellee sued both appellant and Mitchell in the same suit. Appellant had not consented to appellee's suit against Mitchell. Appellant filed an answer in which it moved to sever appellee's cause of action against appellant from that against Mitchell. The court severed, the form of the order being approved as "to form and substance" by counsel for both appellant and appellee. Mitchell never filed an answer in the suit against him, and a default judgment for $11,530.00 was entered against him on April 28, 1970. Appellee then filed a motion for summary judgment in his suit against appellant stating that the "pleadings, depositions, interrogatories, and admissions * * * together with the affidavits attached" to the motion showed "no genuine issue as to any material fact." The only proof of Mitchell's liability and appellee's damages was a conformed copy of the default judgment of April 28, 1970 attached to appellee's First Amended Original Petition. The court granted appellee's motion for summary judgment and entered judgment against appellant for $10,000.00.

The substance of appellant's single point of error is that the court erred in granting appellee's summary judgment because the default judgment was not "conclusive" against appellant since appellant had not consented in writing to the suit.

Appellant's admitted knowledge that suit had been filed against Mitchell is not equivalent to the "written consent" provided for in the policy and will not serve to bind appellant to the judgment obtained by appellee against Mitchell.

The policy provision in question is valid. Gulf American Fire & Casualty Company v. Gowan, 283 Ala. 480, 218 So.2d 688 (1969), MFA Mutual Insurance Company v. Bradshaw, 245 Ark. 95, 431 S.W. 2d 252 (1968). See Allstate Insurance Company v. Hunt, 469 S.W.2d 151 (Tex.1971) wherein the validity of the provision in question was assumed.[1]

An insured seeking to avail himself of the benefits of uninsured motorist coverage of his liability insurance policy and faced with the necessity of litigation has several choices. He may sue the insurance company directly without suing the uninsured motorist. State Farm Mutual Automobile Ins. Co. v. Matlock, 462 S.W.2d 277 (Tex. 1970). When the insured obtains the written consent of the insurance company, he may sue the uninsured motorist alone, and that judgment binds the insurance company. Allstate Ins. Co. v. Hunt, supra. The insured may proceed against the uninsured motorist without the consent of the insurance company, but the judgment in that suit will not be "conclusive," (i. e. liability and damages will have to be relitigated) in the suit against the insurance company. Allstate Ins. Co. v. Hunt, supra.[2]

1. In many of the out of state cases which invalidate or at least ignore the provision, its invalidity is justified on the basis that the insurance company could have intervened in the suit against the uninsured motorist. Allstate Insurance Co. v. Pietrosh, 85 Nev. 310, 454 P.2d 106 (1969), State Farm Mutual Automobile Insurance Co. v. Glover, 113 Ga.App. 815, 149 S.E.2d 852 (1966), Heisner v. Jones, 184 Neb. 602, 169 N.W.2d 606 (Neb.1969). In Texas, as least in those cases wherein the insurance company has consented to the suit against the uninsured motorist, the company may not conduct the defense of the uninsured motorist or in all probability intervene. Allstate Ins. Co. v. Hunt, supra.

2. This conclusion is supported by the following language in Allstate Ins. Co. v. Hunt, wherein the court is referring to the consent letter given by the insurance company: "It was an unequivocal consent to be bound, and is, in effect, a waiver of the right to have the same issues determined again in separate trial. * * *"
"Initially the company can protect itself from default judgments against the uninsured motorist and from insubstantial defense of the uninsured motorist by withholding its consent to the suit between its insured motorist and the uninsured motorist. * * *"

Since the appellee's default judgment was not "conclusive" against appellant, the court's summary judgment was erroneously entered, and that judgment is reversed and the cause is remanded for trial.

Reversed and remanded.