GOVERNMENT EMPLOYEES
INSURANCE COMPANY
(GEICO), Appellant,

v.

Gabriele L. LICHTE, Appellee.

No. 08–89–00405–CV.

Court of Appeals of Texas,
El Paso.

June 13, 1990.

Rehearing Overruled July 5, 1990.

Joseph L. Hood, Jr., Jeffrey S. Alley, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, for appellant.

Charles A. Deason, Dick Stengel, El Paso, for appellee.

Before FULLER, WOODARD and KOEHLER, JJ.

## OPINION

FULLER, Justice.

In an uninsured motorist case, the Appellee having obtained a default judgment against the uninsured motorist then obtained a summary judgment to the extent of the insured's $300,000.00 policy limits against its own insurer. We reverse.

## FACTS

Mrs. Lichte, the insured motorist, was struck by an uninsured driver. She, joined by her husband, sued their insurance carrier, Appellant GEICO. The uninsured driver then was joined in the lawsuit by Appellee. He failed to answer, resulting in Appellee taking a default judgment against that driver in the amount of $100,000.00 for actual damages and $400,000.00 punitive damages. Appellee obtained a severance

of that judgment, thereby making the default judgment final. Appellee's husband's claim for loss of consortium was then non-suited. Appellee moved for summary judgment against her insurance carrier (GEICO) which was granted for the sum of $300,000.00. This amount was the limit recoverable under the uninsured motorist provision of the policy. The trial court also rendered judgment for Appellee on the counterclaim filed by Appellant against the Appellee. Appellant's counterclaim had sought declaratory relief asserting that under the insurance policy provisions it was not liable for punitive damages and/or Appellee's husband's claim for loss of consortium. Appellant appeals from the granting of judgment for the Appellee.

The movant for summary judgment has the burden of establishing entitlement to judgment by conclusively proving all of the elements of the cause of action or defense as a matter of law. *MMP, LTD. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986); Tex.R.Civ.P. 166a(c). When the plaintiff is the movant, as here, she must show she is entitled to prevail on each element of her suit except damages. *Menchaca v. Menchaca,* 679 S.W.2d 176, 178 (Tex.App.—El Paso 1984, no writ); Tex.R.Civ.P. 166a(a) & (c). Only when the summary judgment movant has proven all of the elements of her claim or defense, does the burden shift to the non-movant to raise a fact issue or defense in order to avoid having a summary judgment entered against him. *Oram v. General American Oil Company of Texas,* 513 S.W.2d 533 (Tex.1974); *Orozco v. Texas General Indemnity Company,* 611 S.W.2d 724 (Tex.Civ.App.—El Paso 1981, no writ).

In reviewing the issue as to whether the movant has carried her burden, all doubts and reasonable inferences concerning the existence of genuine issues of material fact are resolved in the non-movant's favor. *Nixon v. Mr. Property Management Company, Inc.,* 690 S.W.2d 546, 548–49 (Tex. 1985). In deciding whether there are disputed material fact issues which would preclude a summary judgment, evidence favorable to the non-movant will be taken as true. *Id.*

## POINTS OF ERROR

■ Appellant's first five points of error for various reasons, complain that summary judgment should not have been granted against it based on the fact that a default judgment was granted to Appellee against the uninsured motorist.

Appellant could not have said or done anything at the default judgment hearing which would have prejudiced their insured's (Appellee) interest insofar as her action against the uninsured motorist.

Appellant could not have represented the uninsured motorist's interest at the default hearing because a conflict of interest would occur. This is because the main duty of the insurance company is to the insured. *Allstate Insurance Company v. H.M. Hunt,* 469 S.W.2d 151, 152 (Tex.1971).

As Appellant so aptly states to this Court in its brief:

> Nothing in its policy or Texas law gave GEICO the right to either defend Hayes [who was the uninsured motorist] or object to the severance of Mrs. Lichte's claims against him. Conversely, Mrs. Lichte had every right to obtain a default judgment against Hayes and to ensure that judgment became final as to him. Had GEICO taken any action preventing Mrs. Lichte from seeking and obtaining what she could from Hayes, GEICO could have arguably breached its duty to her.

## CONSENT

■ Point of Error No. Four asserts the trial court erred in rendering summary judgment for Appellee on the basis that GEICO failed to plead the policy provision requiring its written consent to be bound by the default judgment arising out of Appellee's suit against the uninsured motorist.

Point of Error No. Five asserts the trial court erred in rendering summary judgment against GEICO on the basis that Appellant had waived the provision in the policy which required its written consent to be bound by a default judgment because it

filed a general denial and a counterclaim for a declaration of its rights under the policy.

GEICO's policy provision pertaining to uninsured motorist coverage states:

Any judgment for damages arising out of a suit brought without our written consent is not binding on us.

■ GEICO did not raise lack of written consent in its first amended original answer and its counterclaim. However, we find the provision requiring GEICO's written consent is not a condition precedent to bringing suit. Tex.R.Civ.P. 93. We also find that Tex.R.Civ.P. 94 is not applicable because the insurer's pleading burden "does not extend to matters affecting the insurer's general obligation, on which the claimant has the burden of proof." *Trevino v. Allstate Insurance Company*, 651 S.W.2d 8, 13 (Tex.App.—Dallas 1983, writ ref'd n.r.e.). Tex.R.Civ.P. 94 does not require an insurance company to affirmatively plead a provision in the policy which defines coverage. A person who is insured cannot recover under a policy unless the insured pleads and proves facts which show that his damages are covered by the policy. *Employers Casualty Company v. Block*, 744 S.W.2d 940, 944 (Tex.1988).

■ The provision in the policy requiring Appellee to obtain GEICO's written consent in order for any judgment against an uninsured motorist to be binding was a matter affecting GEICO's general obligation and does not concern a cause or risk which comes within a particular exception to the general liability under Tex.R.Civ.P. 94. Appellee simply did not obtain GEICO's written consent which was required. The effect of Appellee's judgment may be a final binding judgment against the uninsured motorist but it is not binding on GEICO.

■ Under the policy coverage, obtaining a judgment against the uninsured motorist without the insurer's consent does not however result in an exclusion from coverage, whereas a settlement would. It has been generally held in Texas, as in most jurisdictions, that the doctrines of

waiver and estoppel are not available to bring within an insurance policy's coverage, risks not covered by its terms or expressly excluded therefrom. *General Life and Accident Insurance Company v. Lightfoot*, 737 S.W.2d 953, 957 (Tex.App.—El Paso 1987, writ denied). GEICO did not attempt to use the consent provision to defeat coverage under the policy but sought compliance with the policy provisions.

In the case of *Criterion Insurance Company v. Brown*, 469 S.W.2d 484 (Tex. Civ.App.—Austin 1971, writ ref'd n.r.e.) the policy provision providing for consent was analogous to the instant case. That provision was upheld, the court stating that the policy merely meant that without the written consent to bring the suit, the liability and damages would have to be relitigated. That court stated that an insured seeking the benefits of his uninsured motorist insurance coverage had several choices:

(1) Sue his insurance company directly without suing the uninsured motorist; or

(2) Obtain the written consent from his insurance carrier and then sue the uninsured motorist alone, the judgment obtained then would be binding on the insurance carrier, or

(3) Without the consent of his insurance carrier go ahead and proceed against the uninsured motorist. However, any judgment obtained against the uninsured motorist will not be binding on the insurance carrier. Liability and damages will have to be relitigated.

That court further found that even though the insurance company knew that the suit had been filed, it was not the equivalent to the "written consent" provision in the policy; therefore, the insurance company would not be bound by the judgment obtained by the insured against the uninsured motorist.

Appellant's first three points of error are overruled on the basis that Appellant could not have participated in the default judgment hearing taking an adverse position to its insured.

We find the trial court erred in granting summary judgment against Appellant and thereby specifically sustain Appellant's Points of Error Nos. Four and Five.

Point of Error No. Six asserts the trial court abused its discretion when it denied GEICO leave to file an amended answer containing a verified denial.

The standard by which an abuse of discretion challenge is measured is set forth by our Texas Supreme Court in *Simon v. York Crane & Rigging Company, Inc.*, 739 S.W.2d 793, 795 (Tex.1987): "An appellate court may reverse a trial court for abuse of discretion only if, after searching the record, it is clear that the trial court's decision was arbitrary and unreasonable.... The party that complains of abuse of discretion has the burden to bring forth a record showing such abuse." *Id.* at 795.

Appellant's complaint is moot since no trial amendment was needed to raise the issue of consent.

Point of Error No. Six is overruled.

### PUNITIVE DAMAGES

■ Point of Error No. Seven asserts the trial court erred in rendering summary judgment awarding Appellee punitive damages against Appellant because punitive damages are not recoverable under the uninsured motorist coverage provision in the insurance policy.

Point of Error No. Eight asserts the trial court erred in granting Appellee judgment on the Appellant's request for declaratory relief that its policy did not cover punitive damages.

The insurance policy states under the insuring agreement for uninsured/underinsured coverage:

> We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person, or property damage, caused by the accident.

The policy declaration sheet in the coverage section provided a $300,000.00 limit for "Uninsured Motorist Coverage" for bodily injury per person. The trial court ordered that Appellee was entitled to recover from Appellant $300,000.00 as per one limit set forth in the insurance policy.

Article 5.06–1(1) Tex.Ins.Code Ann. is to be liberally construed to give full effect to the public policy which led to its enactment of providing protection to insured motorists from uninsured motorists who are negligent and financially irresponsible. *Stracener v. United Services Automobile Association*, 777 S.W.2d 378, 382 (Tex.1989); *Members Mutual Insurance Company v. Hermann Hospital*, 664 S.W.2d 325, 327 (Tex.1984).

Tex.Civ.Prac. & Rem.Code Ann. sec. 41.-001(3) (Vernon Supp.1990) states: "Exemplary damages" means any damages awarded as an example to others, as a penalty, or by way of punishment. "Exemplary damages" includes punitive damages.

We hold that the uninsured/underinsured coverage provision stating the insurer will pay damages which a covered person is legally entitled to recover from an uninsured motorist because of *bodily injury* incurred does not include coverage for an award of exemplary damages. The purpose of allowing the recovery of punitive damages is to punish the wrongdoer. *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex.1985). In the instant case, the wrongdoer was the uninsured motorist and not the insured. Therefore, we are not bound to follow those cases that hold that an insured's liability insurance policy provides coverage when a judgment is obtained against the insured awarding exemplary damages.

Points of Error Nos. Seven and Eight are sustained.

The judgment of the trial court is reversed and the case is remanded to that court for a new trial.