# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00246-CV

**Loretta Negrete Soliz, Appellant**

**v.**

**Jerry Lee Cofer, Thomas Noralez, and Trinity Universal Insurance Company, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
### NO. 95-15408, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING

Appellant Loretta Soliz appeals the district court=s judgment denying her uninsured motorist coverage. In ten issues, Soliz contends the district court erred by (1) relitigating a liability issue that had been determined by default judgment, (2) failing to award her attorney=s fees, (3) admitting the testimony of two witnesses, (4) granting a partial summary judgment, and (5) reconsidering and vacating a prior order of severance and abatement and dismissing one of her claims. We will affirm the district court=s judgment.

## BACKGROUND

Soliz sustained injuries when her automobile collided with another automobile driven by Jerry Lee Cofer, an uninsured motorist. The automobile driven by Cofer was owned by Thomas Noralez. Soliz=s automobile was insured by Trinity Universal Insurance Company (ATrinity@), and her policy included uninsured motorist coverage. Trinity denied Soliz=s personal injury claim, contending that she was not entitled to benefits under the policy because she was at least fifty percent responsible for the accident. Soliz brought suit against Cofer, Noralez, and Trinity.

Soliz sued Cofer and Noralez for negligence and Trinity for breach of contract and extra-contractual violations. Trinity answered by a general denial. Cofer and Noralez failed to appear or answer after service and return of citation. Soliz obtained separate interlocutory default judgments against Cofer and Noralez; neither judgment allocated negligence or awarded an amount of compensatory damages.[1]

In advance of trial, Soliz apparently sought to take the deposition of William Nalle, Trinity=s accident reconstruction expert. Instead, Soliz and Trinity entered into a Rule 11 Agreement (Athe agreement@) on April 1, 1999, providing that Trinity would not call Nalle to testify at trial in exchange for Soliz=s agreement to stipulate to admission of a diagram prepared by Nalle. The cause was tried to a jury. On May 3, 1999, the jury found that Soliz suffered $143,440 in damages and apportioned the liability fifty percent each between Soliz and Cofer. The district court rendered judgment in favor of Soliz for half of the actual damages; the judgment did not include interest, attorney=s fees, or statutory damages under article 21.55 of the Texas Insurance Code. *See* Tex. Ins. Code Ann. art. 21.55, ' 6 (West Supp. 2002). Soliz filed a motion for new trial. The district court initially denied that motion but eventually set aside the judgment and signed an order granting a new trial.

Before the second trial and in response to an interrogatory, Trinity informed Soliz that it intended to call Nalle to testify at trial. Contending that the agreement barred his testimony, Soliz

---

[1] The interlocutory default judgment against Noralez stated that his liability was deemed admitted; the interlocutory default judgment against Cofer purported to establish his liability Aas a matter of law.@

filed a Amotion to strike@ Nalle. Trinity responded that the parties= earlier agreement applied only to the original trial, and not to the second one. The district court denied Soliz=s motion, and Soliz took Nalle=s deposition in advance of trial. Nevertheless, Soliz filed an amended petition asserting a breach of contract action against Trinity and its counsel for their refusal to honor the agreement. The trial court granted a joint motion severing the breach of contract action. The second trial commenced January 8, 2001. The district court rendered judgment on the jury verdict and dismissed the contract action with prejudice.

At the second trial, the jury found that as between Soliz and Cofer, Soliz was 100% negligent in causing the accident. However, the final judgment awarded her damages in the amount of $88,410.00 against Cofer and Noralez based on the previous default judgments determining their liability.[2] In the final judgment, the district court ruled that the default judgments against Cofer and Noralez were not binding on Trinity because Soliz never obtained Trinity=s written consent before filing suit against Cofer and Noralez. The court found that pursuant to the uninsured motorist policy, A[a]ny judgment for damages arising out of a suit brought without [Trinity=s] written consent is not binding against [Trinity].@ Because the jury failed to find Cofer negligent and assessed no damages, the trial court ordered that Soliz take nothing against Trinity. The district court also found as a matter of law that there was no breach of the Rule 11 agreement because it applied only to the first trial. Soliz filed a motion for new trial and, in the alternative, motion for judgment notwithstanding the verdict (JNOV), both of which were overruled. This appeal followed.

---

[2] In addition, the final judgment awarded Soliz $58,440.10 in pre-judgment interest, post-judgment interest as provided by law, and costs of court.

3

# DISCUSSION

### *Default Judgments*

Soliz premises her first four issues on the assertion that the default judgments against Cofer and Noralez established their liability as a matter of law and therefore it was error to include questions in the court=s charge asking the jury to determine the negligence and percent of negligence as between Cofer and Soliz. In issue one, she argues that the district court erred in litigating the issue of liability when the default judgments had already established liability. In issue two, she contends that the trial court erred in submitting the liability issue to the jury instead of limiting the trial to damages. In issue three, she complains that the district court erred when it denied her motion for JNOV. In her fourth issue, she argues that because the final judgment entitled her to recover damages from Cofer and Noralez, the district court erred in rendering a take nothing judgment against Trinity.

At the outset, we note that the record reflects that Soliz did not object to the submission of any of the questions asked of the jury in the court=s charge. Normally, Aa party who finds fault with a proposed jury question need only object to the inclusion of the question in the charge.@ *Jim Howe Homes, Inc. v. Rogers*, 818 S.W.2d 901, 902 (Tex. App.CAustin 1991, no writ); *see also* Tex. R. App. P. 33.1(a) (AAs a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion. . . .@); *Holland v. Wal-Mart Stores*, 1 S.W.3d 91, 94-95 (Tex. 1999) (party waives error **by failing to object to charge or raise any other objection in trial court). Soliz argues that the filing of her motion for JNOV preserved error. *See Sunwest Bank of El Paso v. Basil Smith Eng=g Co.*,**

**4**

**939 S.W.2d 671, 673 n.1 (Tex. App.CEl Paso 1997, writ denied). The authority for Soliz=s**

**proposition is limited to a footnote in *Sunwest Bank*:**

> **ABC/Sunwest filed a motion for judgment notwithstanding the verdict requesting, among other things, that the trial court disregard the jury=s response to the discovery rule question as immaterial to the causes of action on which the jury found liability. In that motion, ABC/Sunwest advanced the same argument it makes on appeal. We find the JNOV sufficient to preserve error on the issues of the trial court=s failure to disregard the immaterial finding.**

*Id.* **The *Sunwest Bank* court cites no authority for this conclusion, and the language of the**

**footnote is limited to the determination of issues of law.** *See id.*; *see also United Parcel Serv. v.*

*Tasdemiroglu*, 25 S.W.3d 914, 916 (Tex. App.CHouston [14th Dist.] 2000, pet. denied) (noting that

matters of law can be preserved through motion for JNOV). Soliz=s motion for JNOV might have been

sufficient to preserve error according to *Sunwest Bank* if she were complaining as to the legal sufficiency of

the evidence to support the jury=s verdict. *See, e.g.*, *Cecil v. Smith*, 804 S.W.2d 509, 510-11 (Tex.

1991); *Jim Howe Homes, Inc.*, 818 S.W.2d at 905.[3] **However, it does not follow that Soliz=s motion**

**for JNOV preserved her complaint of error in the submission of the questions in the jury charge.**

**Because Soliz did not object to the charge at trial, she cannot raise her complaints on appeal.**

**Evidence on the questions submitted to the jury was presented by both parties, the charge was**

---

[3] Legal sufficiency complaints can be preserved through the following procedures: (1) a motion for instructed verdict, (2) a motion for judgment notwithstanding the verdict, (3) an objection to the submission of the issue to the jury, (4) a motion to disregard the jury=s answer to a vital fact issue, or (5) a motion for new trial. *See Aero Energy, Inc. v. Circle C Drilling Co.*, 699 S.W.2d 821, 822 (Tex. 1985).

approved without objection, and the parties argued the charge to the jury. In short, the case was tried on the basis reflected in the charge.

While we are not convinced that *Sunwest Bank* supports Soliz=s contention that she preserved her complaint by filing a motion for JNOV, one court has held that an appellant preserved his complaint regarding the submission of an issue to the jury that had been previously resolved in his favor through an agreed judgment. *See Neller v. Kirschke*, 922 S.W.2d 182, 187 (Tex. App.CHouston [1st Dist.] 1995, writ denied). The court reasoned that because the appellant filed a motion for directed verdict, a motion for JNOV, and a motion for a new trial on the same issue, he preserved the complaint for appeal. *Id.* Assuming without deciding that Soliz preserved her complaint despite failing to object at the time of submission, we will consider the merits of her complaint.

The disposition of Soliz=s first four issues is controlled by a single question: Did the policy=s consent to sue provision protect Trinity from being bound by the liability established by the default judgments against Cofer and Noralez? We hold that it did. Here, the district court conducted a trial on Cofer=s liability and submitted the issue to the jury after concluding that Trinity was not bound by the default judgments because Soliz failed to obtain Trinity=s written consent to sue Cofer and Noralez.[4] Soliz did not obtain Trinity=s written consent before

---

[4] According to the final judgment, after Soliz and Trinity announced ready for trial, it Aappeared to the Court that default judgments had previously been rendered against Jerry Lee Cofer and Thomas Noralez which judgments were ruled by the court to not be binding on Trinity Universal Insurance Company.@

6

proceeding against Cofer and Noralez, but she contends that the specific consent to sue provision at issue has no application to the present controversy. Although the final judgment entitled Soliz to recover $88,410.00 against Cofer and Noralez based on the default judgments, at the time the default judgments were rendered they were interlocutory, and established liability only. The specific wording of the policy provision states that Trinity is not bound by any judgment Afor *damages@* obtained without its consent. (Emphasis added). The provision does not address a judgment for *liability*. Therefore, Soliz contends, the language of the provision unambiguously proscribes its application to the default judgments against Cofer and Noralez as they are limited to a determination of liability. In the alternative, she argues that if the provision is ambiguous, it must be interpreted in her favor. *See, e.g.,* *National Union Fire Ins. Co. v. Hudson Energy Co.*, 811 S.W.2d 552, 555 (Tex. 1991) (holding that ambiguous policy provisions must be construed strictly against insurer and liberally in favor of insured).

Texas courts have held the identical consent to sue language to be unambiguous and to include protection from default judgment liability even though the express language of such provisions refers only to damages.[5] *See, e.g., State Farm Mut. Auto. Ins. Co. v. Azima*, 896 S.W.2d 177, 178 (Tex. 1995); *Lichte v. Government Employees Ins. Co.*, 825 S.W.2d 431, 431 (Tex. 1991);

---

[5] While Soliz does not contest the validity of the consent to sue provision, we note that these provisions are commonplace in uninsured motorist policies, and are in fact mandated by the Texas Insurance Board. *See* Tex. Ins. Code Ann. art. 5.06 (West Supp. 2002); Texas Ins. Board, *Texas Auto Manual* (1992). The validity of such provisions is well settled. *See Allstate Ins. Co. v. H.M. Hunt*, 469 S.W.2d 151 (Tex. 1971); *see also Criterion Ins. Co. v. Brown*, 469 S.W.2d 484, 485 (Tex. App.CAustin 1971, writ ref=d n.r.e.).

*Whitehead v. State Farm Mut. Auto. Ins. Co.*, 952 S.W.2d 79, 83 (Tex. App.CTexarkana 1997), *rev=d on other grounds*, 988 S.W.2d 744 (Tex. 1999); *Simpson v. GEICO Gen. Ins. Co.*, 907 S.W.2d 942, 945 (Tex. App.CHouston [1st Dist.] 1995, no writ).

According to the supreme court, the policy consideration underlying a consent to sue provision Ais to protect the carrier from *liability* arising from default judgments against an uninsured motorist or from insubstantial defense of the uninsured motorist.@ *Azima*, 896 S.W.2d at 178 (emphasis added); *see also Allstate Ins. Co. v. Hunt,* 469 S.W.2d 151, 153 (Tex. 1971) (affirming trial court=s decision to prohibit insurer from assisting in the defense of an uninsured motorist where insurer=s participation would create a conflict of interest). In light of prior case law and because the policy consideration underlying consent to sue provisions is clearly applicable in the present case, we reject the argument that the language of Trinity=s consent to sue provision precludes its application.

**The well established purpose of the consent provision also prevents Soliz from asserting that Trinity waived its right to consent by entering a general denial. A number of cases have rejected this waiver argument.[6] *See, e.g.*, *U.S. Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 674**

---

[6] In support of the waiver argument, Soliz relies on two cases that are factually distinguishable from the present controversy. In *Ford v. State Farm Mutual Automobile Insurance Company*, 550 S.W.2d 663, 666-67 (Tex. 1977), the supreme court held that a consent to *settlement* provision of an uninsured motorist policy is waived if the insurance carrier unconditionally denies liability on the claim. The purpose of a consent to settlement provision is to protect the carrier=s subrogation rights against an uninsured motorist or any other person legally responsible for the insured=s injuries. *Id.* at 665. The purpose of a consent to sue provision, however, is to protect an insurer from a judgment that it could not prevent from being entered. *See State Farm Mut. Auto. Ins. Co. V. Azima*, 896 S.W.2d 177, 178 (Tex. 1995). In *Nationwide Mutual Insurance Company v. Patterson*, 962 S.W.2d 714, 716-17 (Tex. App.CAustin 1998, pet. denied), this Court held that an insured was entitled to summary judgment on the issue of the insurer=s liability for uninsured motorist coverage. We reasoned that by filing an unconditional denial, the insurer had waived its right under the policy to receive a duplicate copy of the citation served on the

**8**

(Tex. App.—Houston [14th Dist.] 1993, no writ); *Government Employees Ins. Co. v. Lichte*, 792 S.W.2d 546, 548 (Tex. App.—El Paso 1990, writ denied); *Criterion Ins. Co. v. Brown*, 469 S.W.2d 484, 485 (Tex. Civ. App.—Austin 1971, writ ref=d n.r.e.). In *Lichte*, the court of appeals held that it was error for the trial court to render summary judgment against the insurance carrier on the basis that it waived its right to consent to be bound by a default judgment simply because it filed a general denial. *See Lichte*, 792 S.W.2d at 547-48. The court reasoned that while the consent provision required the insured to obtain the insurer=s written consent for any judgment against an uninsured motorist to be binding, the provision was not a condition precedent to filing suit. *Id.* at 548. In that case, the insurer did not attempt to use the consent provision to defeat coverage under the policy, but rather sought compliance with the policy=s provisions. *Id.*

In *Criterion Insurance Company*, this Court enforced a similar consent provision, stating that the policy prescribed that without the written consent to bring suit against the uninsured motorist, liability and damage issues would have to be relitigated in the suit against the insurance carrier. *Criterion Ins. Co.*, 469 S.W.2d at 485; *see also Allstate Ins. Co. v. Hunt*, 469 S.W.2d 151, 153 (Tex. 1971). An insured seeking the benefits of his uninsured motorist coverage has several choices:

(1) Sue his insurance company directly without suing the uninsured motorist;

---

uninsured motorist. *Id.* at 716. That holding is inapplicable here, however, because the North Carolina policy at issue did not contain a consent to sue provision. *Id.* at 717 n.5.

    **(2)** **Obtain the written consent from his insurance carrier and then sue the uninsured motorist alone; the judgment obtained then would be binding on the insurance carrier; or**

    **(3)** **Without the consent of the insurance carrier, proceed against the uninsured motorist. However, any judgment obtained against the uninsured motorist will not be binding on the insurance carrier. Liability and damages will have to be relitigated.**

*Lichte*, **792 S.W.2d at 548 (citing** *Criterion*, **469 S.W.2d at 485). Here, Soliz chose the latter option; she sued Cofer and Noralez without Trinity=s written consent. The default judgments against Cofer and Noralez do not bind Trinity. The fact that Trinity had notice of the suit and filed a general denial is not dispositive of Soliz=s entitlement to uninsured motorist protection. AAn insurer=s knowledge that a suit has been filed is not equivalent to >written consent= and will not bind an insurer to a judgment obtained in a suit brought against an uninsured motorist.@** *Millard*, **847 S.W.2d at 674 (citing** *Criterion*, **469 S.W.2d at 485).**

        **The** *Millard* **court further held that default judgments do not collaterally estop relitigation of liability and damages by the insurer in a suit on uninsured motorist coverage:**

> **Collateral estoppel bars relitigation of an issue if (1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. For collateral estoppel to be invoked, it is only necessary that the party against whom the plea of collateral estoppel is asserted be a party or in privity with a party in the prior litigation. Privity is not established by the mere fact that persons may happen to be interested in the same question or in proving the same state of facts. Privity connotes those who are in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right.**

*Millard*, 847 S.W.2d at 674 (citations omitted). Like the insurer in that case, Trinity should not be estopped from relitigating the liability determinations in the default judgments because Trinity was not in privity with Cofer and Noralez.[7] Trinity could exercise no control over the suit, its interests were not represented by Cofer and Noralez, and it is not their successor in interest. Further, the facts of a case are not fully and fairly litigated in a default judgment. The district court was obliged to give effect to the consent to sue provision and thereby protect Trinity from any liability established by the default judgments. We therefore hold that the district court did not abuse its discretion in allowing the issue of liability to be litigated despite the default judgments against Cofer and Noralez, nor did it abuse its discretion in submitting the liability issue to the jury. *See Texas Dept. of Human Servs. v. E.B.*, 802 S.W.2d 647, 649 (Tex. 1990). Further, the default judgments were interlocutory and subject to reconsideration. Finally, they did not determine the percent of Cofer=s negligence as compared to Soliz, and this jury found Soliz to be

---

[7] While Soliz repeatedly insists that the default judgments established liability as a matter of law, Trinity points out that they were interlocutory and not final before trial. Specifically, Cofer might have been able to contest his liability at trial since the default judgment did not dispose of the damages issue. *See, e.g.*, *Houston Health Clubs, Inc. v. First Court of Appeals*, 722 S.W.2d 692, 693-94 (Tex. 1986). The default judgments, without a showing of fault, do not legally entitle Soliz to recover under the uninsured motorist policy. *See Franco v. Allstate Ins. Co.,* 505 S.W.2d 789, 792 (Tex. 1974). Further, the default judgments should not preclude Trinity from using legally viable defenses in litigating the claims asserted against it. *See Brazos Valley Cmty. v. Robinson*, 900 S.W.2d 843 (Tex. App.CCorpus Christi 1995, writ denied).

**100% negligent in causing the accident. Accordingly, the district court did not err in denying**

**Soliz=s motion for JNOV.[8] For all of these reasons, we overrule appellant=s first four issues.**

*Attorney=s Fees*

In her fifth issue, Soliz argues that the trial court erred in failing to award her attorney=s fees

as prescribed by Chapter 38 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem.

Code Ann. '' 38.001-.006 (West 1997). In addition, she argues in her sixth issue that article 21.55 of the

Texas Insurance Code entitles her to the eighteen percent statutory penalty and attorney=s fees because

Trinity failed to pay her claim within the statutory period. Tex. Ins. Code Ann. art. 21.55, ' 6 (West Supp.

2002). In light of our disposition of her other points, we overrule her fifth and sixth issues.

*Rule 11 Agreement*

---

[8] In her fourth issue, Soliz contends that because she is legally entitled to recover against Cofer and Noralez by way of the final judgment, Trinity must pay under the terms of the policy. This argument fails for the obvious reason that the consent provision protects Trinity from being bound by A[a]ny judgment for damages arising out of a suit brought without our written consent . . . .@ Soliz=s damage awards against Cofer and Noralez in the final judgment are specifically based on the default judgments that are not binding on Trinity; therefore, the damage award in the final judgment is not relevant to Soliz=s coverage under the policy.

12

In her seventh issue, Soliz contends that the district court erred in allowing the testimony of Nalle in the face of a Rule 11 agreement by which Trinity had agreed not to call him at trial. **Soliz did not object when Nalle testified at trial; therefore, she did not preserve this issue for appeal.[9] In any event, we hold that the district court did not err in allowing Nalle to testify at trial.**

**Soliz urges that the Rule 11 agreement was valid and enforceable against Trinity in the course of the second trial. We note that whether Trinity breached the agreement is not the question presented to us on appeal; we are asked to review the district court=s decision to allow Nalle to testify. The admission or exclusion of evidence is committed to the district court=s sound discretion.** *Gee v. Liberty Mut. Fire Ins. Co.***, 765 S.W.2d 394, 396 (Tex. 1989). A trial court abuses its discretion when it acts in an unreasonable and arbitrary manner, or without reference to any guiding rules or principles.** *See Downer v. Aquamarine Operators, Inc.***, 701 S.W.2d 238,**

---

[9] In her brief, Soliz provides three citations to the record that she contends reflect her objection to Nalle=s testimony on the basis of the Rule 11 agreement. One citation is to Soliz=s motion to strike, which was denied. The second citation is to Soliz=s motion in limine filed before the first trial. That motion preserves no error and could not serve as Soliz=s objection to Nalle=s testimony on the basis of the Rule 11 agreement because both parties voluntarily complied with the agreement during the first trial. Finally, Soliz cites to her brief in support of her motion to exclude, which again preserves nothing and which objects to Nalle solely on the basis of his qualifications as an expert.

13

241-42 (Tex. 1985). Here, Soliz failed to show that the district court abused its discretion by allowing Nalle to testify.

The record reflects that the district court allowed Nalle to testify only after careful consideration of the agreement. During the hearing on Trinity=s pretrial motions, the district court considered Soliz=s contention that the agreement[10] should control in the second trial. The court also considered its previous granting of a continuance to Soliz in order to depose Nalle and, if necessary, acquire her own expert. The court concluded:

> It=s not every Rule 11 Agreement that wouldn=t be effective in a second trial. It=s going to depend on the Rule 11 Agreement. But if you get a new trial, I think you can change your trial strategy. And the Court=s allowed you to depose Nalle and given you extra time to be prepared and to hire your own expert. . . .

---

[10] The agreement was a letter drafted by Trinity=s counsel and sent to Soliz=s counsel before the first trial, stating:

> With regard to your recent request to depose Bill Nalle, it is my intention to only call Nalle to prove up the diagram that he prepared in connection with this accident. If you will agree that the large diagram (which I used at the Motion for Summary Judgment and which you have a copy of) accurately portrays the scene on the date of the accident, I will not need to call him. It is my understanding you will agree to this. If that is so, please execute this document as per Rule 11.

**The district court allowed Nalle to testify only after a careful analysis of the agreement in its context. Soliz has not shown that the decision to allow Nalle to testify constituted an abuse of discretion.** *See Downer*, **701 S.W.2d at 241;** *see also National Liab. & Fire Ins. Co. v. Allen*, **15 S.W.3d 525, 527-28 (Tex. 2000). Accordingly, we overrule Soliz=s seventh issue.**

*Objections to Expert=s Qualifications*

In her eighth issue, Soliz contends that the district court Aerred in failing to exclude and in failing to grant a new trial in the face of the testimony of Officer Payne and William Nalle, in that the testimony was inherently unreliable and not founded in reasonable observations or scientific analysis.@ Soliz failed to preserve this issue for appeal. If a party does not object to evidence presented at trial, it waives any error in its admission. Tex. R. App. P. 33.1(a)(1); *see also Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 412 (Tex. 1998) **(refusing to entertain claim as to reliability of scientific evidence because party failed to preserve error by not objecting at trial). When Payne and Nalle testified, Soliz did not object.**

**Soliz argues that the issue was preserved for appeal because her brief in support of her motion to exclude the expert testimony of Payne and Nalle gave the district court an opportunity to exclude their testimony. Normally a motion to exclude preserves error as a pretrial objection.** *See Maritime Overseas*, **971 S.W.2d at 409. However, the record must also reflect that the party urging the motion obtained a ruling.** *See* **Tex. R. App. P. 33.1(a)(2). The record does not reflect a ruling on Soliz=s motion to exclude, and Soliz does not direct us to a place**

in the record where she obtained a ruling on her objection.  Therefore, her eighth issue is overruled.  *See* Tex. R. App. P. 38.1(h).

### *Extra-contractual Claims*

In her ninth issue, Soliz complains about the district court=s disposition of her extracontractual causes of action in a partial summary judgment.  **We overrule Soliz=s ninth issue because she fails to provide adequate citations to the record and cites no authority.  *See* Tex. R. App. P. 38.1(h).  Soliz=s argument on this issue contains one record reference, which is to the partial summary judgment itself.  This reference is insufficient to preface an argument that a fact question remains on extracontractual issues.  Soliz=s ninth issue presents nothing for review, and is therefore overruled.**

*Sua Sponte Order to Vacate*

In her tenth and final issue, Soliz contends that the trial court erred by vacating, *sua sponte*, its previous order of severance and abatement and rendering an oral motion for summary judgment. In response to Soliz=s third amended original petition, which added a breach of contract claim based on the Rule 11 agreement, Trinity filed a motion to sever and abate that issue. Soliz joined in the motion, and on December 18, 2000, the district court ordered that action to be Asevered, made the subject of a separate lawsuit, and assigned its own docket number in this Court.@ In the final judgment, the court vacated its previous order of severance and abatement and dismissed the claim with prejudice. On appeal, Soliz argues that this dismissal was outside the scope of the district court=s jurisdiction and violated her right to due process. We disagree.

Soliz argues that because the action based on the agreement had been severed and abated, the district court had no jurisdiction to dismiss it. We note, however, that Soliz=s brief fails to provide us with a standard of review. She cites Rule 329b of the Rules of Civil Procedure for the proposition that the severance order became final thirty days after it was signed. *See* Tex. R. Civ. P. 329b. However, Rule 329b prescribes the time for filing motions for new trial and motions to modify, correct, or reform judgments. *See id.* Soliz cites no rule, and we are unaware of one, that prohibits a trial court from reconsidering its own order of severance.[11] Further, when

---

[11] Soliz=s contention is inconsistent with the general rule that a trial court has inherent authority to manage its own docket. *See Ho v. University of Tex.*, 984 S.W.2d 672, 693-94 (Tex. App.CAmarillo 1998, pet. denied). We regard the power to abate a lawsuit to be Aincidental to the power inherent in every

the district court vacated the severance order, Soliz=s breach of contract claim and her underlying uninsured motorist claim were reconsolidated. *See Mid-Century Ins. Co. v. Lerner*, 901 S.W.2d 749, 753 (Tex. App.CHouston [14th Dist.] 1995, no writ). Accordingly, the district court had jurisdiction to dismiss Soliz=s breach of contract claim.

Soliz=s contention that the district court=s dismissal of her breach of contract action violated her right to due process is also without merit. Having found that the district court did not abuse its discretion in holding that the agreement did not preclude the testimony of Nalle, we cannot say that the court acted arbitrarily and in violation of due process. Rather, the court relied on its previous ruling, made during the hearing on Trinity=s pre-trial motions:

> I have already ruled in this case that there=s no breach of the Rule 11 Agreement. I heard you-all=s arguments, I reviewed the agreement, there=s not any breach of that. It wasn=t an agreement that Bill Nalle would never testify if there was a second trial. It was an agreement that he wouldn=t testify in the first trial. And I=ve already ruled on that.

Soliz had notice of the pretrial hearing on this issue. The record further reflects that she had the opportunity to argue the legal merits of her breach of contract action based on the Rule 11

---

court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.@ *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982). By the same principle, the district court possessed the power to vacate the severance and abatement and rule on the merits of the severed action after having heard Soliz=s and Trinity=s arguments on the merits.

agreement.  The court considered those arguments and ruled that there was no breach.  The pretrial hearing was therefore enough to satisfy due process.  *See Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982).  The district court was well within its discretion and hardly displayed a Ablatant expression of judicial activism@as alleged by reconsidering and reversing its own order of severance and abatement and dismissing Soliz=s breach of contract action.  Soliz=s tenth issue is overruled.

## CONCLUSION

We overrule all of Soliz=s complaints on appeal.  We therefore affirm the judgment of the district court.

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed:   May 2, 2002

Do Not Publish