NUMBER 13-05-118-CV


 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


MICHAEL PEREZ, Appellant,


v.


AARON THOMAS KLEINERT, ALEXANDRIA

MARIE GARZA, AND STATE FARM MUTUAL

AUTOMOBILE INSURANCE COMPANY, Appellees.

 


On appeal from the 24th District Court of Victoria County, Texas


 


O P I N I O N



Before Justices Hinojosa, Rodriguez, and Garza


Opinion by Justice Garza


 

 Michael Perez raises four issues on appeal from a take-nothing judgment. At trial,
Perez had asserted personal injury claims against Aaron Kleinert and Alexandria Marie
Garza, the drivers of two automobiles involved in an accident on June 9, 2000, in which
Perez was allegedly injured. The trial court entered the take-nothing judgment after a jury
returned a finding of no liability as to Kleinert and Garza. The judgment also ordered that
Perez take nothing on breach-of-contract and bad-faith insurance claims Perez had
asserted against State Farm, even though the claims were never tried to a jury. We
reverse the judgment and remand the case for a new trial.

I. Background 

 At the time of the accident giving rise to this lawsuit, Perez was a passenger in
Garza's automobile. The automobile was a rental car that had been loaned to Garza by
either Brian or Jeanne Spacek. Before loaning the automobile to Garza, the Spaceks had
purchased an insurance policy from State Farm. After the accident, Perez apparently
made a claim against State Farm for benefits under the Spacek policy. After State Farm
allegedly refused to pay benefits, Perez named State Farm as a defendant in the lawsuit,
asserting claims against State Farm for breach of contract and violations of section 21.55
of the Texas Insurance Code. 

 Perez's lawsuit against Kleinert, Garza, and State Farm was filed in the 24th District
Court of Victoria County, Judge Stephen Williams presiding. State Farm initially took the
position that Garza was an insured person under the Spacek policy. State Farm provided
Garza with legal representation by retaining, on her behalf, the services of Troy Gilreath
and his law firm, Walker, Keeling, & Carroll, L.L.P. Attorney Gilreath appeared before the
trial court as Garza's attorney of record and filed Garza's answer to the lawsuit. Garza's
live pleading denied liability and asserted a crossclaim against Kleinert, in addition to
setting forth some special exceptions and affirmative defenses. Notably, Garza's live
pleading also alleged, among other things, that Perez, her passenger, was negligent and
his negligence was the sole proximate cause of the accident. 

For reasons that are unknown to this Court, the relationship between State Farm
and Garza subsequently soured and deteriorated into outright antagonism. State Farm
openly complained that Garza was "uncooperative" in preparing her defense for trial. State
Farm ultimately sued Garza in an action for declaratory judgment in the 377th District Court
in Victoria County, again with Judge Williams presiding. 

On April 6, 2004, Judge Williams, acting as the presiding judge of the 377th District
Court of Victoria County (not the 24th District Court), entered a default judgment against
Garza. In relevant part, the judgment states that "no coverage applied to Defendant under
the Policy for the June 9, 2000 accident." The judgment further declares that "State Farm
has no duty to defend or indemnify Defendant for the June 9, 2000 accident and resulting
lawsuit styled Michael A. Perez v. Aaron Kleinert, et al . . . in the 24th District Court of
Victoria County."

Back in the 24th District Court, where Perez's claims against Kleinert, Garza, and
State Farm remained pending, attorney Gilreath filed a motion to withdraw as counsel for 
Garza. The motion to withdraw was filed on April 20, 2004. It specifically noted the default
judgment awarded to State Farm by the 24th District Court on April 6, 2004 and stated that,
based on the default judgment, State Farm had "terminated" attorney Gilreath's services
in representing Garza. The motion further contended that Garza was "unable to pay for
the retention of an attorney." Pursuant to Texas Rule of Civil Procedure 10, the motion
stated that a copy of the motion had been sent to Garza at her last known address and that 
Garza had not exercised her right to oppose the motion. See Tex. R. Civ. P. 10. On April
29, 2004, Judge Williams granted the motion and entered an order withdrawing attorney
Gilreath and his law firm as counsel for Garza. From that point forward, no attorney of
record was designated for Garza. See id. 

 Perez's case against Kleinert, Garza, and State Farm proceeded to trial in August
of 2004 in the 24th District Court, Judge Williams presiding. Although the trial court's order
of April 29, 2004 rendered Garza a pro se litigant some five months ahead of trial, Garza
failed to retain an attorney and appeared neither in person nor through counsel at trial. (1)
 

On August 30, 2004, the eve of trial, attorneys for Perez and State Farm submitted
to the trial court a set of written stipulations in which they agreed, among other things, that
Perez was a "covered person" under the terms of the Spacek policy. The agreement was
signed by counsel for Perez and attorney Isidro Castanon on behalf of State Farm. The
trial court entered an order that the personal-injury claims against Kleinert and Garza were
therefore to be tried first and separately from the contract and insurance claims against
State Farm. 

Attorney Castanon is State Farm's attorney of record. In addition to the written
stipulations mentioned above, attorney Castanon also filed pleadings in the trial court for
State Farm, including State Farm's second amended petition, its live pleading. That
document pled that State Farm's insured, Perez, should take nothing by his claims against
State Farm for numerous reasons. Thus, although State Farm acknowledged that Perez
was a "covered person" at the time of the accident, stated that it intended "to comply with
the terms and the policy," and promised to pay to Perez the amount he is entitled "to
recover as covered damages as determined by the Court and the jury," State Farm
opposed Perez's allegations and claims against Kleinert and Garza. In its live pleading,
State Farm contended that neither driver was at fault and that, regardless of who was to
blame for the accident, Perez's injuries, if any, were the results of pre-existing conditions
or aggravated by a subsequent accident. 

We further note--for reasons that will become clear below--that State Farm's live
pleading was also inconsistent with Garza's live pleading. Garza had alleged that the
actions of Kleinert were "the sole cause for the alleged injuries" suffered by Perez and that
Kleinert's actions constituted "negligence and negligence per se." In addition to numerous
other defenses, Garza alleged, apparently in the alternative, that Perez was the sole
proximate cause of the traffic accident. 

Attorney Castanon was present at the personal-injury trial between Perez, Kleinert,
and Garza. Although he was recognized by the court and allowed to address the jury at
trial, attorney Castanon never informed the jury that he was counsel for State Farm. In
fact, no attorney represented State Farm before the jury. Instead, attorney Castanon
represented to the jury that he was Garza's attorney and even apologized for her absence
at trial. 

 Perez's attorney immediately objected to attorney Castanon's actions and false
representations to the jury. The trial court overruled the objection and allowed Castanon
to appear before the jury as counsel for Garza, even though he was actually the attorney
for State Farm. Castanon proceeded to "represent" Garza throughout trial, making an
opening statement and closing argument and even examining witnesses. In this manner,
State Farm was able to have attorney Castanon directly represent its interest in defeating
Perez's claims against Garza at trial without having to appear as State Farm before the
jury. 

 Although Garza's live pleading alleged a cross-claim against Kleinert for negligence
per se, there is no indication in the record that attorney Castanon ever pursued that claim
at trial for Garza's benefit. Instead, as "counsel" for Garza, attorney Castanon collaborated
with opposing counsel for Kleinert. Together, they insisted that a malfunctioning traffic light
owned and maintained by the City of Dallas was the sole proximate cause of the accident. 
 Garza's negligence per se allegation against Kleinert disappeared at trial. In the charge
conference, attorney Castanon actually joined counsel for Kleinert in opposing Perez's
request for an instruction on negligence per se. 

After the jury returned a finding of no liability in favor of Kleinert and Garza, Perez
filed a motion for new trial in which he argued, among other things, that the trial court had
committed reversible error by allowing attorney Castanon to misrepresent his identity
before the jury. The following exchange occurred at a hearing on the motion for new trial:

THE COURT: Now with respect to this State Farm issue, Mr.
Hoedebeck [counsel for Perez], I have respect
for you and the job you've done in this case, so
when you say that the Court has sanctioned
fabrication, I'm not going to resent that, because
I'm assuming that's just rhetoric and not that you
really mean that because I will never sanction
fabrication in court. 


HOEDEBECK: I thought about that as it came out and it was not
meant as a personal thing, but the Court
specifically stated, "and Castanon represents
the interest of Alexandria Garza."

 

THE COURT: I think not only that and the record will reflect
what it will reflect, but we had an extensive
discussion about this that morning before we
started voir dire.


HOEDEBECK: We did.


THE COURT: And we went from the point of the Deck [sic]
action and the extra contractual action either not
or being involved and, apparently, it was an
agreement that it would not be involved. We
went from that point to Castanon - - and I hadn't
had this situation before, but my thinking on it
was that despite the fact that Castanon had
gone to the trouble of obtaining a declaratory
judgment with respect to coverage, he has now
come into Court and is, essentially, through an
admission, and his request to go forward, he has
set aside or undone that Deck [sic] action. 


My thought was, well, if he wants to do that,
that's fine with me, but we're still not going to - -
and this is my primary concern, we're still not
going to inject insurance in the case. I think
what we did by allowing him to not only say he
represented her interests, I think he said he
represented her is my recollection of the way
that the case played out. So it was as if he was
in there representing her under any other policy
of insurance. 

 The jury never found out about the declaratory
judgment action or any bad faith claim or
anything else, so where I think we got in the
case was we had two defendants - - each with a
lawyer. We had the Plaintiff's lawyer. 
Everybody was very well represented. It was
submitted to the jury, the jury just did not find in
the Plaintiff's favor and, based on that, I think the
case was fairly tried . . . .


II. Analysis

In his third issue, Perez complains of the trial court's ruling regarding attorney
Castanon's conduct at trial. At the outset, we question the applicability of rule 12 to
Perez's complaint. See Tex. R. Civ. P. 12. Rule 12 is often described as the "exclusive
method" for questioning the authority of an attorney to represent a party in any court
proceeding. See, e.g., Kindle v. Wood County Elec. Co Op, Inc., 151 S.W.3d 206, 210
(Tex. App.--Tyler 2004, pet. denied) (citing Fulcher v. Tex. State Board of Public
Accountancy, 571 S.W.2d 366, 371 (Tex. App.--Corpus Christi 1978, writ ref'd n.r.e). In
relevant part, rule 12 provides, "A party in a suit or proceeding pending in a court of this
state may, by sworn written motion stating that he believes the suit or proceeding is being
prosecuted or defended without authority, cause the attorney to be cited to appear before
the court and show his authority to act." Tex. R. Civ. P. 12. Although rule 12 now applies
equally to both sides of the bar, we question whether its application would serve any
legitimate purpose in a situation such as this, where the record conclusively establishes
the attorney's lack of authority. 

Attorney Castanon never suggested to the trial court that he actually represented
Garza as her attorney. To the contrary, Castanon's client remained State Farm throughout
the litigation, a fact which has been admitted. Indeed, Castanon has even filed an
appellate brief on behalf of State Farm, not Garza, who has filed no appellate brief. 

Far from representing Garza as a client or protecting her interests, attorney
Castanon sued Garza on behalf of State Farm and even took a default judgment against
her. By the time Perez's personal injury action went to trial, a binding judgment from a
different court stated that State Farm had no duty to defend Garza, who, as a result of the
lawsuit, was an uninsured party in the personal injury action. Acting as the presiding judge
of the 24th District Court, Judge Williams then allowed State Farm to remove attorney
Gilreath from the personal injury action, leaving Garza not only uninsured but also pro se. 

Given the judgment signed by Judge Williams in the 377th District Court and the
order signed by Judge Williams in the 24th District Court, there is no question that Garza
was pro se at the trial on Perez's personal injury claims. Given that attorney Castanon had
previously sued and taken a default judgment against Garza on behalf of State Farm, was
never designated of record to be Garza's attorney, and remained the attorney in charge
for State Farm, there was simply no basis for invoking rule 12 to challenge his actions in
misrepresenting his identity to the jury. Rule 12 does not contemplate a situation in which
an attorney admits from the outset that he or she has no authority for representation but
requests to do so anyway--solely before the jury at trial--so that an unrelated-third party
may reap collateral benefits. The proper way for State Farm to protect its interests against
an uninsured motorist presenting an insubstantial defense or defaulting at a trial such as
this is to withhold consent to suit between the uninsured and insured motorists. See
Allstate Ins. Co. v. Hunt, 469 S.W.2d 151, 153 (Tex. 1971). 

 We conclude that the trial court erred in allowing attorney Castanon to conceal his
identity from the jury. Castanon is admittedly State Farm's attorney. With full knowledge
of this fact, the trial court nevertheless allowed him to conceal his identity from the jury. 
The trial court also allowed Castanon to act before the jury in the capacity of Garza's
attorney, a capacity which the trial court's records conclusively establish Castanon did not
have. In holding that the trial court erred in doing so, we note that, under Rule 10, any
substituted attorney "be designated of record with notice to all other parties in accordance
with Rule 21a." Tex. R. Civ. P. 10. Because there were no such designations or notice
in this case, there was no basis for the trial court to recognize Castanon as Garza's
attorney, even if only for the purposes of concealing Castanon's true client from the jury. 
See id. Even assuming that attorney Castanon did have Garza's consent to legal
representation--a tremendously dubious assumption on these facts--and assuming further
that Rule 10 would not be violated by his participation with designation of record, Perez has
argued that there was also a fatal conflict of interest in this case that would have rendered
the trial court's ruling nevertheless erroneous. We agree. 

The basis for the conflict is well-explained in Allstate Ins. Co. v. Hunt. See id. 
There, the Texas Supreme Court clarified that the primary duty of an insurance company
is to its insured. Id. at 152. The Court then proceeded to decide the "basic issue"
presented in the case, which was "whether a co-defendant insurance company shall be
permitted to defend an uninsured motorist against its own insured in an attempt to prevent
or limit recovery by its insured after the insurance company has requested and been
granted a separate trial." Id. at 152. The Supreme Court concluded that "it should be left
to the discretion of the trial court to pass upon the disqualification or conflict of interest, with
the burden being upon the insurance company to show no substantial conflict of interest." 
Id. at 153. The Court cited the likelihood that the insurance company would be put in a
position to defend two antagonists at trial as a primary consideration in evaluating fatal
conflicts arising in uninsured motorist cases. Id. 

Here, the uninsured and insured motorists were squarely at odds. Garza, the
uninsured motorist, alleged among other things that Perez, State Farm's insured, was the
sole proximate cause of the accident. Perez, in contrast, blamed Kleinert and Garza for
the accident. Thus, to defend Garza, State Farm was called to oppose its insured, Perez,
in the lawsuit. 

We see a substantial conflict of interest in State Farm doing so. Although attorney
Castanon chose not to pursue Garza's allegations that Perez was the sole proximate
cause of the accident, the allegations were included in the live pleadings that were tried to
the jury. At trial, attorney Castanon abandoned Garza's negligence per se claim against
Kleinert, a claim which Perez had also asserted against Kleinert, as well as against Garza. 
Attorney Castanon even collaborated with counsel for Kleinert in opposing Perez's request
for a jury instruction on negligence per se. Counsel for Kleinert and attorney Castanon also
made a common defense on Perez's pre-existing condition and damages. 

In the face of these conflicts and despite Perez' s numerous objections to counsel's
participation on behalf of the absent and uninsured Garza, attorney Castanon never
attempted to meet State Farm's burden of showing that there existed no substantial conflict
of interest. See id. In fact, attorney Castanon made no attempt to justify his actions when
they were challenged before the jury for the first time. Even at the hearing on Perez's
motion for new trial and on appeal, attorney Castanon has only addressed this issue as
one of "injecting insurance" into a personal injury case. See Tex. R. Evid. 411. We do not
view the issues created by the trial court's ruling to be evidentiary in nature so as to come
under the purview of rule 411. See id. 

We also do not find any merit in State Farm's contention on appeal that, at the time
of trial, the interests of State Farm were aligned with Garza. Based on the facts detailed
above, this is obviously quite a departure from the truth. At the time of trial, State Farm
had successfully sued Garza for a default judgment that rendered her an uninsured, pro
se defendant. Even if State Farm's antagonism toward Garza were somehow ignored and
we were able conclude that State Farm and Garza actually had aligned interests, that
consideration would not validate the trial court's actions. To the contrary, it would further
demonstrate a conflict of interest because State Farm had aligned itself with an uninsured
motorist in order to defeat claims by its insured. 

State Farm also argues on appeal that attorney Castanon participated in the
personal injury trial because it served the interests of judicial economy to have the claims
against State Farm tried together with the claims against Kleinert and Garza. We disagree. 
The claims against State Farm were not tried together with the claims against Kleinert and
Garza. The claims against State Farm were specifically ordered to be tried separately. 

On this record, there is no basis for concluding that State Farm rebutted or
attempted to rebut the presumption precluding its representation of Garza through common
counsel. See Nationwide Mut. Ins. Co. v. Patterson, 962 S.W.2d 714, 716 (Tex.
App.--Austin 1998, pet. denied). Accordingly, the trial court erred by allowing counsel for
State Farm to represent the interests of Garza before the jury. See Gov't Employees Ins.
Co. v. Lichte, 792 S.W.2d 546, 547 (Tex. App.--El Paso 1990, writ denied) (concluding
that insurance company "could not have represented the uninsured motorist's interest at
. . . hearing because a conflict of interest would occur . . . because the main duty of the
insurance company is to the insured."). 

 Perez's third issue is sustained. On the facts detailed above, we conclude that the
error in allowing counsel's unauthorized participation at trial under false pretenses probably
caused the rendition of an improper judgment. See Tex. R. App. P. 44.1(a)(1). The
judgment is therefore reversed and the case is remanded for a new trial. 


 

 ________________________ DORI CONTRERAS GARZA, 

 JUSTICE

 

 Opinion delivered and filed 

 this the 31st day of August, 2006. 












 
1. [1] This is confirmed by agreement of the parties, by the reporter's record of the trial, and by the trial
court's "final judgment," which states, "Defendant Alexandria Marie Garza did not appear for trial." As noted
above, no attorney of record was designated for Garza after the trial court ordered attorney Gilreath and his
law firm withdrawn from the case.